**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **JAMES RAY EPPS, SR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. |
| | : | |
| **FOX NEWS NETWORK, LLC**, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Fox News Network, LLC ("FNN" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 and states as follows:

**NATURE OF THE REMOVED ACTION**

1.      Plaintiff James Ray Epps, Sr. ("Plaintiff") purports to bring an action for defamation and false light against Defendant.

2.      Plaintiff filed an action in the Superior Court of the State of Delaware on July 10, 2023 (the "State Court Action"). As of the filing of this Notice of Removal, upon information and belief, no summons has been issued in the State Court Action and the Defendant has not been served. *See* Sup. Ct. R. Civ. P. 4(f) ("Service of process . . . shall be made . . . [u]pon a domestic . . . unincorporated association . . . which is subject to suit under common name *by delivering copies of the summons, complaint and affidavit*, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (emphasis added)); *id.* 4(c) (providing that "[t]he process shall bear the date of its

issuance, *be signed by the Prothonotary or one of the Deputy Prothonotaries, be under the seal of the Court* . . . . (emphasis added)).

3.      "[S]ervice is generally not a prerequisite for removal and . . . a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined [30-day] period for removal ends." *Novak v. Bank of N.Y. Mellon Tr. Co.*, 783 F.3d 910, 911 (1st Cir. 2015).[1]

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

4.      Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## COMPLETE DIVERSITY EXISTS

6.      Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citation omitted).  The citizenship of the parties set forth in this Notice of Removal refers to the

---

[1]  Under 28 U.S.C. § 1446(a), a defendant "desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  As of this writing, no process, pleadings, or orders have been served on Defendant.  Defendant nevertheless attaches as Exhibit A a courtesy copy of the State Court Action Complaint.

citizenship of the parties at the time of the filing of the Complaint and at the time of removal.

7.      According to the Complaint in the State Court Action, complete diversity exists because the Defendant is not a citizen of Utah.  This action therefore is between citizens of different States.

**Citizenship of Plaintiff**

8.      While there is no statutory definition of an individual's state of citizenship, courts look to an individual's domicile—his or her permanent home.  *See, e.g.*, *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 826 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning." (citations and internal quotation marks omitted)).  Plaintiff's Complaint in the State Court Action alleges that he is currently a resident of Utah (and was formerly a resident of Arizona).

**Citizenship of Defendant Fox News Network, LLC**

9.      "[T]he citizenship of an LLC is determined by the citizenship of each of its members."  *Aloise v. Giant of Maryland, LLC*, 2013 WL 1222776, at *1 (D. Del. Mar. 26, 2013) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)).  The "place of organization and principal place of business of a limited liability company are irrelevant" under the federal diversity statute.  *Trowbridge v. Dimitri's 50's Diner L.L.C.*, 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *see also Johnson*, 724 F.3d at 352 (finding LLC's citizenship is defined solely by the citizenship of its sole member).  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

10.     FNN is a Delaware limited liability company.  That entity's sole member is Fox Television Stations, LLC, a Delaware limited liability company.  That entity's sole member is Fox Television Holdings, LLC, a Delaware limited liability company.  That entity's sole member is Foxcorp Holdings, LLC, a Delaware limited liability company.  That entity's sole member is Fox Corporation, a Delaware corporation with its principal place of business in New York.  As such, FNN is a citizen of the States of Delaware and New York.

11.     Accordingly, the Defendant is not a citizen of Utah.  Plaintiff and Defendant are thus citizens of different States and complete diversity exists.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12.     Plaintiff's Complaint in the State Court Action claims that he suffered damages but does not demand a sum certain.  (Ex. A, Compl. at 48.)  "Generally, the amount in controversy is determined by the complaint itself."  *Aloise*, 2013 WL 1222776, at *1 (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).  "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).  And when a "complaint does not limit its request for damages to a precise monetary amount," a "district court [may] properly ma[ke] an independent appraisal of the value of the claim."  *Id.* at 145; *see also Rudolph v. Taylor*, 2004 WL 51270, at *1 (D. Del. Jan. 5, 2004).  In removal practice, the district court "must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  Here, it is facially apparent that the amount in controversy exceeds

$75,000.

13.     In its Prayer for Relief, the Complaint seeks compensatory damages for alleged "economic, emotional, reputational, and other injuries;" punitive damages; expenses and costs, "including attorneys' fees;" and "other and further relief as the Court deems appropriate." (Ex. A, Compl. at 48.)  This relief is based upon a litany of alleged harms, personal and professional, identified in the Complaint that on their face establish that the amount in controversy exceeds $75,000.  *See, e.g.*, Compl. at ¶¶ 81–91 (alleging loss of income, lost business investments, and losses due to moving expenses); *id.* at ¶ 92 (alleging that "emotional and psychological harm" may "dwarf the economic consequences"); *id.* at ¶¶ 107, 121 (alleging Plaintiff has been "forced to give up his business and sell his home" and forced to "face financial ruin, loss of income[,] loss of earning capacity[, and] loss of business and business opportunities"); *id.* (alleging Plaintiff has been "forced to flee [his home] and live in isolation"); *id.* (alleging "suffering, . . . mental anguish[,] public humiliation[,] loss of sleep[,] and loss of appetite").

14.     Accordingly, the Complaint in the State Court Action establishes that the matter in controversy exceeds $75,000.

## FNN IS NOT FORBIDDEN FROM REMOVING

15.     FNN anticipates that Plaintiff may argue that as a home-state defendant, FNN is forbidden from removing by 28 U.S.C. § 1441(b)(2).  Such an argument would be incorrect, and has been addressed recently by this Court.  That statute provides that "[a] civil action otherwise removable solely on the basis of the [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

16.     FNN is entitled to remove, notwithstanding 28 U.S.C. § 1441(b)(2), because it has not been "served as [a] defendant."  The Third Circuit has made clear that "the plain meaning" of the statute "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).  Finding no basis to contravene that plain meaning, the court affirmed a decision denying a motion to remand where the in-state defendant removed the case before accepting service. *Id.* at 156; *see also Avenatti v. Fox News Network, LLC*, 2021 WL 2143037, at *1 (D. Del. May 26, 2021) (removal by Fox News on diversity jurisdiction grounds before service was proper).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

17.     Venue is proper in this court—for purposes of removal—under 28 U.S.C. § 1441(a) because the United States District Court for the District of Delaware is the federal judicial district and division embracing the Superior Court for the State of Delaware, where Plaintiff originally filed the State Court Action.

18.     Removal is timely under 28 U.S.C. § 1446.  Section 1446(b)(1) requires a defendant to remove within the shorter of 30 days after (a) "the receipt ..., through service or otherwise, of a copy of the initial pleading," or (b) "the service of summons."  Because this action was only filed July 10, 2023, FNN did not receive a copy of the Complaint until July 12, 2023, and FNN has not been served, removal to this Court is timely.

19.     By filing this Notice of Removal, Defendant does not waive any arguments, defenses, or rights, all of which are hereby specifically reserved, including, without limitation, all arguments, defenses, and rights related to improper venue.

20.     Defendant respectfully reserves the right to submit additional argument or evidence if Plaintiff challenges this notice of removal.

21.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and Defendant will file a copy of this Notice of Removal in the State Court Action.

22.     For the reasons stated above, in accordance with 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of Delaware, and this Court has jurisdiction over further proceedings.


DATED: July 12, 2023

**OF COUNSEL:**

Eric M. George (*pro hac vice forthcoming*)
Patrick F. Philbin (*pro hac vice forthcoming*)
Katherine A. Petti (*pro hac vice forthcoming*)
**ELLIS GEORGE CIPOLLONE**
**O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
(310) 274-7100
(310) 275-5697 (Fax)

1155 F Street, NW, Suite 750
Washington, DC 20004
(202) 249-6900
(202) 249-6899 (Fax)
egeorge@egcfirm.com
pphilbin@egcfirm.com
kpetti@egcfirm.com

**DLA PIPER LLP (US)**

  _/s/ John L. Reed_
John L. Reed (I.D. No. 3023)
Peter H. Kyle (I.D. No. 5918)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone (302) 468-5700
Facsimile (302) 394-2341
john.reed@dlapiper.com
peter.kyle@us.dlapiper.com

*Attorneys for Defendant*
*Fox New Network, LLC*