# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **JAMES RAY EPPS, SR.**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:23-761-MN |
| | : | |
| **FOX NEWS NETWORK, LLC**, | : | |
| | : | |
| Defendant. | : | |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT FOX NEWS NETWORK, LLC'S MOTION TO DISMISS

**OF COUNSEL:**

Patrick F. Philbin
Katherine A. Petti
**ELLIS GEORGE CIPOLLONE
O'BRIEN LLP**

1155 F Street, NW, Suite 750
Washington, DC 20004
(202) 249-6900; (202) 249-6899 (Fax)

2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
(310) 274-7100; (310) 275-5697 (Fax)
pphilbin@egcfirm.com
kpetti@egcfirm.com

Paul D. Clement
Erin E. Murphy
**CLEMENT & MURPHY PLLC**
706 Duke Street
Alexandria, VA 22314
(202) 742-8900; (703) 997-6207 (Fax)
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com

**DLA PIPER LLP (US)**
John L. Reed (I.D. No. 3023)
Peter H. Kyle (I.D. No. 5918)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5700
(302) 394-2341 (Fax)
john.reed@us.dlapiper.com
peter.kyle@us.dlapiper.com

*Attorneys for Defendant
Fox News Network, LLC*

**TABLE OF CONTENTS**

                                                                                             **Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

I.     PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION. ...................................1

        A.     The Challenged Statements Are Constitutionally Protected Opinions. ...................1

                1.     The statements did not have precise meaning or convey verifiable facts. ...................................................................................................2

                2.     Context confirms the statements are opinions based on disclosed facts. ...................................................................................................2

                3.     The broader social setting confirms the challenged statements are opinion. ...............................................................................................5

        B.     Plaintiff Fails To Allege Facts Plausibly Suggesting Actual Malice. ......................6

        C.     Claims Based on Statements Made Before July 10, 2022 Are Time Barred. ..........9

        D.     Fox Cannot Be Liable for Statements on the *Redacted* Podcast. .............................9

II.    THE FALSE LIGHT CLAIM FAILS. ...............................................................................10

CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbas v. Foreign Policy Group, LLC*,
 783 F.3d 1328 (D.C. Cir. 2015)...................................................................................................2

*Adelson v. Harris*,
 973 F. Supp. 2d 467 (S.D.N.Y. 2013).........................................................................................2

*Aronson v. Wiersma*,
 438 N.E.2d 1138 (N.Y. 1985).....................................................................................................2

*Bates v. Utah Ass'n of Realtors*,
 297 P.3d 49 (Utah Ct. App. 2013) ............................................................................................10

*Bauman v. Butowsky*,
 377 F. Supp. 3d 1 (D.D.C. 2019) ............................................................................................2, 5

*Birkner v. Salt Lake Cnty.*,
 771 P.2d 1053 (Utah 1989)....................................................................................................9, 10

*Biro v. Conde Nast*,
 963 F. Supp. 2d 255 (S.D.N.Y. 2013).....................................................................................6, 9

*Boone v. Newsweek LLC*,
 2023 WL 2245104 (E.D. Pa. Feb. 27, 2023) .............................................................................9

*Boulger v. Woods*,
 917 F.3d 471 (6th Cir. 2019) .....................................................................................................2

*Chapin v. Knight-Ridder, Inc.*,
 993 F.2d 1087 (4th Cir. 1993) ...................................................................................................2

*Coughlin v. Westinghouse Broad. & Cable, Inc.*,
 603 F. Supp. 377 (E.D. Pa. 1985) ..............................................................................................7

*Diamond Ranch Academy, Inc. v. Filer*,
 2016 WL 633351 (D. Utah Feb. 17, 2016)................................................................................9

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
 491 U.S. 657 (1989)................................................................................................................6, 8

*Herring Networks, Inc. v. Maddow*,
 8 F.4th 1148 (9th Cir. 2021) ......................................................................................................6

*Hill v. Cosby*,
    665 Fed. App'x 169 (3d Cir. 2016)..................................................................................3

*Jacob v. Bezzant*,
    212 P.3d 535 (Utah 2009)..............................................................................................10

*Jensen v. Sawyers*,
    130 P.3d 325 (Utah 2005)..............................................................................................10

*Lemelson v. Bloomberg L.P.*,
    903 F.3d 19 (1st Cir. 2018)..............................................................................................8

*Lohrenz v. Donnelly*,
    223 F. Supp. 2d 25 (D.D.C. 2002)...................................................................................7

*McCafferty v. Newsweek Media Grp., Ltd.*,
    955 F.3d 352 (3d Cir. 2020)....................................................................................1, 3, 6

*McDougal v. Fox News Network, LLC*,
    489 F. Supp. 3d 174 (S.D.N.Y. 2020)..............................................................................5

*McFarlane v. Sheridan Sq. Press, Inc.*,
    91 F.3d 1501 (D.C. Cir. 1996)......................................................................................7, 8

*McKee v. Cosby*,
    874 F.3d (1st Cir. 2017)................................................................................................3, 4

*Miami Herald Pub. Co. v. Tornillo*,
    418 U.S. 241 (1974)........................................................................................................4

*N.Y. Times Co. v. United States*,
    403 U.S. 713 (1971)........................................................................................................8

*O'Connor v. Birmingham*,
    165 P.3d 1214 (Utah 2007).............................................................................................2

*Parsi v. Daioleslam*,
    890 F. Supp. 2d 77 (D.D.C. 2012)..................................................................................7

*Peterson v. Grisham*,
    594 F.3d 723 (10th Cir. 2010) ........................................................................................3

*In re Phila. Newspapers, LLC*,
    690 F.3d 161 (3d Cir. 2012)............................................................................................9

*Piccone v. Bartels*,
    785 F.3d 766 (1st Cir. 2015)............................................................................................4

*Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*
    829 F.2d 1280 (4th Cir. 1987) ................................................................................3

*Prince v. Intercept*,
    634 F. Supp. 3d 114 (S.D.N.Y. 2022) .....................................................................6

*Rainfocus Inc. v. CVENT Inc.*,
    528 P.3d 1221 (Utah Ct. App. 2023) ......................................................................5

*Redco Corp. v. CBS, Inc.*,
    758 F.2d 970 (3d Cir. 1985) ................................................................................3, 4

*Rivera v. State*,
    142 N.E.3d 641 (N.Y. 2019) ..............................................................................9, 10

*St. Amant v. Thompson*,
    390 U.S. 727 (1968) ............................................................................................6, 8

*Tah v. Glob. Witness Publ'g, Inc.*,
    991 F.3d 231 (D.C. Cir. 2021) ................................................................................7

*Talley v. Time, Inc.*,
    923 F.3d 878 (10th Cir. 2019) ................................................................................8

*US Dominion, Inc. v. Fox News Network, LLC*,
    293 A.3d 1002 (Del. Super. Ct. 2023) ....................................................................3

*West v. Thomson Newspapers*,
    872 P.2d 999 (Utah 1994) ...................................................................................1, 2

### Other Authorities

Restatement (Second) of Torts § 566 cmt. c, illus. 4 ......................................................3

Smolla, 1 Law of Defamation, § 3:65.50 (2d ed.) .........................................................7

Smolla, 1 Law of Defamation, § 6:29 (2d ed.) ..............................................................3

**INTRODUCTION**

Plaintiff fails to rebut any of the fatal defects Fox identified in his claims, but two constitutional defects under the First Amendment are the most important in this case.

*First,* all the statements Plaintiff challenges are constitutionally protected opinions. "Under the First Amendment, opinions based on disclosed facts are 'absolutely privileged' no matter how derogatory they are." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020). Here, Fox opinion hosts set out facts—undisputed facts such as Plaintiff urging others to go "into the Capitol" and directing them toward the Capitol—and commented on them. They disclosed the basis for their conclusions so that viewers could judge for themselves. One host flatly told viewers: "[Y]ou can draw whatever conclusions you like from that video. We have ours and we shared them with you." Ex.A at 2. Such discussion about Plaintiff and his role on January 6 reflected core First Amendment protected opinion commentary that cannot support a defamation claim.

*Second*, Plaintiff provides no argument that he is not a limited purpose public figure, and Fox has shown that he failed to allege facts showing actual malice—that is, that Fox speakers *subjectively knew* their statements were false or *subjectively doubted* their truth. Plaintiff's hodge podge of assertions supposedly providing "circumstantial evidence" of actual malice are wrong as a matter of law and wholly insufficient to raise any plausible inference that Fox opinion hosts did not honestly believe their own analysis about Plaintiff.

**ARGUMENT**

**I.   PLAINTIFF FAILS TO STATE A CLAIM FOR DEFAMATION.**

   **A.   The Challenged Statements Are Constitutionally Protected Opinions.**

Plaintiff fails to rebut Fox's showing that the challenged statements are all opinions. Contrary to Plaintiff's suggestion (Opp. 4–5), courts may not strain to find a defamatory meaning to permit a claim to survive. *See, e.g.*, *West v. Thomson Newspapers*, 872 P.2d 999, 1009 (Utah

1

1994); *Aronson v. Wiersma*, 438 N.E.2d 1138, 1139 (N.Y. 1985).  And if the issue is close, "[g]iven the First Amendment principles at stake," the "court should err on the side of non-actionability." *Adelson v. Harris*, 973 F. Supp. 2d 467, 487 (S.D.N.Y. 2013); *accord Bauman v. Butowsky*, 377 F. Supp. 3d 1, 15 (D.D.C. 2019); *O'Connor v. Birmingham*, 165 P.3d 1214, 1221–22 (Utah 2007).

### 1. The statements did not have precise meaning or convey verifiable facts.

The first indication that the challenged statements are opinions is that almost all convey no verifiable facts.  Plaintiff cannot and does not dispute that statements asserting that the facts about Plaintiff were "very odd" or that "something very strange is going on with Ray Epps," Compl. ¶¶ 56, 57, are subjective opinions.  They convey no statement that could be proved true or false.

Nor can Plaintiff claim that asking "why" Plaintiff was not arrested, *e.g.*, Compl. ¶¶ 51, 52, 56(c), (e)—or asserting that was a "legitimate question," *e.g.*, *id.* ¶ 43—conveyed facts.  The cases Plaintiff cites provide no support.  *Boulger v. Woods*, only noted in dicta that *all* questions are not "per se" protected, but held the question there (whether plaintiff was pictured in a Nazi salute) could not support a claim: "[I]t is generally settled as a matter of defamation law . . . that a question, however embarrassing or unpleasant to its subject, is not accusation."  917 F.3d 471, 480 (6th Cir. 2019).  Similarly, *Abbas v. Foreign Policy Group, LLC*, dismissed a defamation claim based on the "widely adopted defamation principle that questions are questions" and that a "severe infringement on free speech" would result from treating them as actionable because "[t]here is no good or predictable way to neatly divide" questions "that are routinely posed in America's robust public forums" from supposedly actionable questions.  783 F.3d 1328, 1339 (D.C. Cir. 2015) (Kavanaugh, J.).  "[I]nviting the public to ask" questions "is the paradigm of a properly functioning press."  *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1096 (4th Cir. 1993).

### 2. Context confirms the statements are opinions based on disclosed facts.

Next, Plaintiff fails to rebut Fox's showing that *all* the challenged statements are protected

2

under the First Amendment rule that, "opinions based on disclosed facts are 'absolutely privileged' no matter how derogatory they are." *McCafferty*, 955 F.3d at 357.[1] Plaintiff's theories for avoiding that rule misstate the law or distort the statements at issue.[2]

First, Plaintiff says the implication that he was a government agent "is a fact that may be proven true or false." Opp. 8. But such a conclusion is still a protected opinion where, as here, it is based on disclosed facts. As the Third Circuit has held, for example, the conclusion that a tire rim was unsafe was a protected opinion when based on disclosed facts. *See Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985).[3] Fox cited (i) multiple cases applying the same rule, *see* Fox Mem. at 9–11; (ii) the Restatement adopting that rule, *see* Restatement (Second) of Torts § 566 cmt. c, illus. 4; and (iii) a treatise by Plaintiff's own counsel repeating the rule that "[a] pure opinion does not lose its protected status merely because it is ostensibly cast in factual form." Smolla, 1 Law of Defamation § 6:29 (2d ed.).[4] Plaintiff simply ignores that settled law.

Second, Fox hosts were not required to disclose "other evidence" showing "mitigating circumstances" that might support a different conclusion about Plaintiff—such as Plaintiff's claim that he tried to "de-escalate the crowd." Opp. 9, 10. The Third Circuit has squarely rejected such

---

[1] Fox need not address "each pleaded statement" separately (Opp. 8) where, as here, the challenged statements "share[] common characteristics that preclude relief" and require dismissal. *Peterson v. Grisham*, 594 F.3d 723, 728 (10th Cir. 2010). Requiring more would allow the sheer volume of statements to overwhelm a 20-page motion to dismiss and permit meritless claims to survive.

[2] Contrary to Plaintiff's suggestion (Opp. 12) the issue whether statements are opinions on disclosed facts is properly decided on a motion to dismiss to dispose of meritless claims and to avoid chilling First Amendment activity. *See, e.g., McKee v. Cosby*, 874 F.3d 54, 63–64 (1st Cir. 2017); *Hill v. Cosby*, 665 Fed. App'x 169, 174–75 (3d Cir. 2016); *Redco*, 758 F.2d at 972.

[3] *US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002 (Del. Super. Ct. 2023), is irrelevant. It simply held that particular statements were assertions of fact or, if framed as opinions, implied *undisclosed* facts. *See id.* at 1061–62.

[4] *See also, e.g., Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1290 (4th Cir. 1987) ("[W]e acknowledge that the defendant's statement is capable of being proved or disproved, but we nevertheless hold that when viewed in context it is clearly an opinion.").

a theory, holding that statements are protected opinions even where the speaker "could have, but chose not to, include information that was more favorable to the [subject]." *Redco*, 758 F.2d at 972. Simply put, "there is no . . . requirement in the law" that a speaker must present a "balanced two-sided story" to secure protection for an opinion on disclosed facts. *Mckee v. Crosby*, 874 F.3d 54, 64 (1st Cir. 2017). The key for a speaker to "immunize" a statement from defamation liability is "fully disclosing the non-defamatory facts *on which his opinion is based.*" *Piccone v. Bartels*, 785 F.3d 766, 771 (1st Cir. 2015) (emphasis added). That enables the listener to judge whether the stated facts justify the conclusion. Requiring a "balanced" presentation would unconstitutionally compel speech, *see, e.g.*, *Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 257–58 (1974), and put courts in the impossible role of deciding how much "balance" is needed to entitle a commentator to express an opinion without risking defamation liability. Plaintiff fails to cite a single case supporting that unprecedented rule.

Third, Plaintiff cannot claim that Fox hosts relied on *false* statements to support their opinions based on a conclusory assertion that Fox aired "distorted and selectively edited videos." Opp. 10 (quoting D.I. 1-1 ¶ 60).[5] Plaintiff has not alleged what videos were distorted or how—or even on which broadcast they appeared. *See* D.I. 1-1 ¶ 60. Such conclusory assertions are insufficient. They fail even to give notice about what statement was supposedly false.

Fourth, Plaintiff is similarly off-base in claiming that Fox hosts implied undisclosed facts. Opp. 11. Contrasting Plaintiff with "people who have gone to jail for walking around the Capitol building" does not imply that Plaintiff entered the Capitol (Opp. 11)—especially in a segment that

---

[5] Plaintiff is even further afield in arguing that Fox hosts based their opinions on false statements of fact because they implied Plaintiff was a federal agent and said the January 6 Committee lied about Plaintiff. Opp. 11. Those are the *opinions* and *conclusions* Fox hosts drew from the underlying facts they discussed. Plaintiff is conflating the opinions themselves with the underlying facts on which the opinions were based.

detailed facts about Plaintiff, including that he "encourag[ed] the crowd *outside* the Capitol." Compl. ¶ 52 (emphasis added). And Plaintiff distorts the record in pretending that Tucker Carlson implied that hours of video viewed by Fox showed that Plaintiff was a federal agent. Opp. 9, 11. Carlson first noted that the video showed "behavior" that "didn't seem to make sense," such as men in civilian clothes "holding doors open for protestors," which he linked to possible federal agents, but quickly noted "we don't know" and therefore would not show those individuals. Ex.V at 2. When he returned later in the show to say (as quoted by Plaintiff) that "[i]t's very clear" that there were "federal agents" in the crowd, he was referring to the same people in the Capitol whom (he said again) "we can't show." Ex.V at 15. None of those statements had anything to do with Plaintiff. Instead, Carlson referred to Plaintiff only once for an unrelated point: video showed that he had lied about the timing of his departure from Capitol Hill. Ex.V at 12. Nothing in that show implied that undisclosed video showed something else suggesting Plaintiff was a federal agent.[6]

Fifth, Plaintiff has no response to the critical point that Fox hosts' statements were replete with "cautionary language" that signaled opinion and interpretation. *Bauman*, 377 F. Supp. 3d at 11. Hosts raised questions, *see, e.g.*, Compl. ¶¶ 50, 52, and called for officials to pursue these questions, *see, e.g.*, *id*. ¶ 43, all of which conveyed that there were no definitive answers because the critical questions about Plaintiff had not been fully addressed.

### 3. The broader social setting confirms the challenged statements are opinion.

Finally, the broader context confirms the statements are opinion, because they all appeared on "commentary talk shows" providing "pitched commentary." *McDougal v. Fox News Network,*

---

[6] *Rainfocus Inc. v. CVENT Inc.*, 528 P.3d 1221 (Utah Ct. App. 2023), is irrelevant. It involved factual assertions of theft where the listener would expect the speaker to have "inside information they could rely on as truth," and where defendants stated "we have evidence" without disclosing what that evidence was. *Id.* at 1230, 1231. There is nothing remotely similar here.

5

*LLC*, 489 F. Supp. 3d 174, 182–84 (S.D.N.Y. 2020). That not all statements on such shows are "immunized" (Opp. 13) misses the point. Context matters. Hosts on such shows are "encouraged to share [their] opinions," and audiences expect "colorful commentary" and "effort[s] to persuade others to [the host's] position." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1157, 1158 (9th Cir. 2021). Viewers here would thus expect opinion and speculation, not objective facts.

### B. Plaintiff Fails To Allege Facts Plausibly Suggesting Actual Malice.

Plaintiff also fails to allege any facts plausibly suggesting actual malice—that is, that Fox hosts *subjectively knew* their statements were false or acted with reckless disregard for the truth, which means that they "in fact entertained serious doubts as to the truth" of the statements. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Fox has shown that Plaintiff is a limited purpose public figure and the actual malice standard applies.[7] Plaintiff concedes he has no direct evidence to suggest actual malice—such as contradictory statements from Fox hosts. Nor can he point to any definitive evidence establishing his role on January 6; his self-serving denials do not suffice. And even taken together, the rest of the supposed circumstantial evidence he cites is insufficient to plausibly suggest that Fox speakers subjectively doubted the truth of what they were saying.

First, claims of an "economic motive," Compl. ¶ 99, miss the mark. Plaintiff cites language preserving the possibility that motive may "bear" some "relation to the actual malice inquiry," but he ignores the warning in the same sentence that "courts must be careful not to put too much reliance on such factors." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989). And courts applying *Harte-Hanks* have regularly concluded that the "caselaw

---

[7] There is no reason not to rule on that issue of law now. It is regularly decided on motions to dismiss, *McCafferty*, 955 F.3d at 359, and the Court may notice facts to aid the determination. *See, e.g.*, *Prince v. Intercept*, 634 F. Supp. 3d 114, 134 (S.D.N.Y. 2022); *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 276 (S.D.N.Y. 2013).

6

resoundingly rejects the proposition that a motive to disparage someone is evidence of actual malice." *Parsi v. Daioleslam*, 890 F. Supp. 2d 77, 90 (D.D.C. 2012).

Second, claims of a "pre-conceived story line" also fail to show actual malice. Compl. ¶ 99; *see also id.* ¶¶ 64–65. Plaintiff notes (Opp. 16 n.6.) that in *Coughlin v. Westinghouse Broad. & Cable, Inc.*, 603 F. Supp. 377 (E.D. Pa. 1985), the court found that efforts "to confirm a hostile premise" did not show actual malice, but reached that conclusion only in the absence of "a showing of reckless indifference to the truth." *Id.* at 386. But that is Fox's point. There is no factual allegation here indicating subjective doubt as to truth (*i.e.*, reckless indifference), and without that independent evidence, a "pre-existing agenda . . . is not indicative of actual malice." *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 48 (D.D.C. 2002). Plaintiff fails to explain how a potential guest insisting that the FBI had not infiltrated the Proud Boys has any bearing on Plaintiff—who was never in the Proud Boys. And Plaintiff ignores settled law holding that Fox's investigative efforts (reviewing thousands of hours of congressional video, Ex.V at 11, 15) belie any claim of actual malice. *See, e.g.*, *McFarlane v. Sheridan Sq. Press, Inc.*, 91 F.3d 1501, 1509 (D.C. Cir. 1996).

Third, Fox was not required to credit Plaintiff's self-serving denials just because they were made under oath. *See* Opp. 17–18. A denial may induce doubt when it provides "evidence that could be readily verified" that gives "obvious reasons to doubt" a statement. *Tah v. Glob. Witness Publ'g, Inc.*, 991 F.3d 231, 242 (D.C. Cir. 2021).[8] Plaintiff's conclusory denials lacked such evidence. Plaintiff cites no case holding that a denial under oath suffices to allege actual malice. Nor did his denials acquire greater weight when they were repeated—without further evidence— by the January 6 Committee. Fox also reported his denials, *see, e.g.*, Compl. ¶ 52, which undercuts

---

[8] *See also, e.g.*, Smolla, 1 Law of Defamation, § 3:65.50 (2d ed.) ("A denial only serves to buttress a case for actual malice when there is something in the content of the denial or supporting evidence . . . that carries a doubt-inducing quality.").

7

any claim of actual malice. *See, e.g.*, *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018).

Fourth, Plaintiff again misses the point in arguing that Darren Beattie was an "unreliable source." Opp. 14–15. Fox hosts did not rely on him for facts, but for *commentary* on known facts. *See* Compl. ¶ 50. He certainly was not a *sole* source. *Cf. St. Amant*, 390 U.S. at 732; *Harte-Hanks*, 491 U.S. at 690–91. Fox also conducted its own investigation. *See supra* p.7. And Plaintiff's particular basis for calling Beattie unreliable does not distinguish *Talley v. Time, Inc.*, 923 F.3d 878 (10th Cir. 2019). The point from *Talley* holds: "reliance on tainted or troubled sources does not alone establish actual malice." *Id.* at 903; *accord McFarlane*, 91 F.3d at 1508. More important, Plaintiff fails to allege any facts whatsoever to establish that Beattie was "unreliable" or that Fox knew that. Without facts, the conclusory, threadbare assertion that he was "known by Fox to be a discredited conspiracy theorist," Compl. ¶ 99, is insufficient.

Fifth, bare assertions that it was "inherently improbable" that federal assets urged violence on January 6 cannot show what was in Fox hosts' minds. Compl. ¶ 99. Widespread reports that a prosecution fell apart last year because two alleged conspirators were FBI sources who were pushing the plan, *see* Ex.W, fatally undermine any claim that it is "inherently improbable" for undercover sources to cross the line and encourage criminal activity. And questions from senators and congressmen about Plaintiff's potential government connection, *see* Fox Mem. at 4, gave further credence to the view that there was a legitimate question to probe. *See, e.g.*, *McFarlane*, 91 F.3d at 1513 (claim that National Security Advisor Robert McFarlane was an Israeli spy not so inherently improbable as to show actual malice, especially where Congress was probing the issue). Probing on such matters is part of the press's role to "bare the secrets of government and inform the people." *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

Sixth, Plaintiff offers no rationale to dispute that the absence of a retraction "is not in itself

enough to nudge an allegation of actual malice from conceivable to plausible." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 281–82 (S.D.N.Y. 2013); *see also, e.g.*, Boone v. Newsweek LLC, 2023 WL 2245104, at *6 (E.D. Pa. Feb. 27, 2023). And Plaintiff's complaint that there was no retraction even after the January 6 Committee endorsed his denials (Opp. 17) repeats the mistaken assertion that Fox was required to credit Plaintiff's own denial.

### C. Claims Based on Statements Made Before July 10, 2022 Are Time Barred.

Plaintiff concedes (Opp. 19) a one-year limitations period for his defamation claims, and the republication doctrine cannot save the claims from that time bar. Merely maintaining statements on a website after they are first published is *not* republication. *In re Phila. Newspapers, LLC,* 690 F.3d 161, 174–75 (3d Cir. 2012). Republication would require changing the substance of the statements or putting them in "a new form." *Id.*; *accord Diamond Ranch Academy, Inc. v. Filer*, 2016 WL 633351, at *10 (D. Utah Feb. 17, 2016); *Biro*, 963 F. Supp. 2d at 267. But Plaintiff has not alleged any facts suggesting that any statement was substantively changed in any way. Plaintiff cannot simply invoke the republication doctrine in the abstract and pretend that it salvages his claims when he fails to allege a single fact plausibly suggesting that doctrine could apply here.

### D. Fox Cannot Be Liable for Statements on the *Redacted* Podcast.

Plaintiff's cursory footnote (Opp. 6 n.3) fails to salvage any claim that Tucker Carlson was acting within the scope of his employment when he appeared on the *Redacted* podcast. Plaintiff says that the requirement that an employee's conduct must be "motivated, at least in part, by the purpose of serving the employer's interest" does not apply to intentional torts, like defamation. Opp. 6 n.3. But Plaintiff also failed to allege the other elements required for *respondeat superior*— namely, that the appearance was "[i] of the general kind [Mr. Carlson] is employed to perform," and [ii] that it occurred "within the hours of [his] work and the ordinary spatial boundaries." *Birkner v. Salt Lake Cnty.*, 771 P.2d 1053, 1057 (Utah 1989); *Rivera v. State*, 142 N.E.3d 641, 645

9

(N.Y. 2019). And Plaintiff misstates the law in any event. *Birkner* involved an intentional tort (sexual battery), and still required that the employee's conduct be motivated, in part, by the purpose of serving the employer's interest. *See id.*

## II.   THE FALSE LIGHT CLAIM FAILS.

*First*, Plaintiff does not dispute that his false light claim fails under New York law.

*Second,* he concedes that First Amendment restrictions apply. *See* Fox Mem. at 20. The claim thus fails because the statements are opinions and Plaintiff has failed to allege actual malice.

*Third*, the claim is mostly time-barred. Nothing in *Jensen v. Sawyers*, 130 P.3d 325 (Utah 2005), suggests that Plaintiff's false light claim can have a different limitations period from his defamation claim. *See* Opp. 20. *Jensen* held that "the statute of limitations for defamation governs [false light] claims *based on the same operative facts* that would support a defamation action." *Id.* at 336 (emphasis added). If "[t]he operative facts of [the] false light invasion of privacy claim" are "the same facts [plaintiff] pleaded under his defamation causes of action," the same limitations period applies. *Id.* That rule governs here, because Plaintiff alleged the same facts for both false light and defamation. Under *Jensen*, he cannot recast the *same* facts to get a longer limitations period. The rule from *Jensen* exists "[t]o ensure that claims with defamation underpinnings are not recast and cleverly titled in order to sidestep the one-year limitations period." *Bates v. Utah Ass'n of Realtors*, 297 P.3d 49, 50 (Utah Ct. App. 2013). Plaintiff fails to cite any case applying different limitations periods to false light and defamation on the same facts.

*Fourth*, Plaintiff does not dispute that, if claims for statements made before July 10, 2022, are barred, his entire false light claim fails—even for later statements—because he failed to plead special damages. *See Jacob v. Bezzant*, 212 P.3d 535, 543 (Utah 2009); Fox Mem. at 20.

## CONCLUSION

The Complaint should be dismissed for failure to state a claim.

| | |
|---|---|
| DATED: September 12, 2023 | **DLA PIPER LLP (US)** |
| | |
| |   */s/ John L. Reed* |
| **OF COUNSEL:** | John L. Reed (I.D. No. 3023) |
| | Peter H. Kyle (I.D. No. 5918) |
| Patrick F. Philbin | 1201 N. Market Street, Suite 2100 |
| Katherine A. Petti | Wilmington, DE 19801 |
| **ELLIS GEORGE CIPOLLONE** | (302) 468-5700 |
| **O'BRIEN LLP** | (302) 394-2341 (Fax) |
| | john.reed@us.dlapiper.com |
| 1155 F Street, NW, Suite 750 | peter.kyle@us.dlapiper.com |
| Washington, DC 20004 | |
| (202) 249-6900 | *Attorneys for Defendant* |
| (202) 249-6899 (Fax) | *Fox News Network, LLC* |
| | |
| 2121 Avenue of the Stars, Suite 3000 | |
| Los Angeles, California 90067 | |
| (310) 274-7100 | |
| (310) 275-5697 (Fax) | |
| pphilbin@egcfirm.com | |
| kpetti@egcfirm.com | |
| | |
| Paul D. Clement | |
| Erin E. Murphy | |
| **CLEMENT & MURPHY PLLC** | |
| 706 Duke Street | |
| Alexandria, VA 22314 | |
| (202) 742-8900 | |
| (703) 997-6207 (Fax) | |
| paul.clement@clementmurphy.com | |
| erin.murphy@clementmurphy.com | |