IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RAY EPPS, SR.<br><br>    Plaintiff,<br><br>v.<br><br>FOX NEWS NETWORK, LLC,<br><br>    Defendant. | Case No. 23-cv-761-JLH |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff James Ray Epps, Sr. ("Epps"), by and through his undersigned counsel, hereby moves this Court to allow Plaintiff to file an amended complaint against Fox News Network, LLC (Fox). A copy of the proposed Amended Complaint is attached hereto as Exhibit A. A redlined copy of the proposed Amended Complaint is attached as Exhibit B.

### I.    BACKGROUND

This case arises from statements by Tucker Carlson, an on-air personality at Fox at the relevant times, and by his guests that were broadcast by Fox about Epps that conveyed to viewers that Epps was a federal agent who incited the insurrection at the United States Capitol on January 6, 2021. Epps filed suit against Fox in Delaware Superior Court on July 10, 2023, alleging defamation and false light. Fox removed the matter to this Court and subsequently filed a motion to

1

dismiss. After briefing and argument, the Court granted Fox's motion to dismiss on November 27, 2024. The basis the Court provided for granting the motion rested on the issue of whether Epps had pleaded facts sufficient to demonstrate actual malice. Of particular note was that the Court did not consider the pleaded facts regarding Abby Grossberg to demonstrate direct evidence of Fox's knowledge of the falsity of its statements about Epps because Epps had not pleaded that Ms. Grossberg enjoyed sufficient responsibility for the content of Mr. Carlson's shows. The order granting the motion to dismiss allowed Epps to request leave to file an amended complaint within 14 days.[1]

## II.  **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading "with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15. *See, e.g.*, *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017); *Arthur v. Maersk*, 434 F.3d 196, 202 (3 Cir. 2006); *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). While a district court enjoys discretion as to whether or not to allow an amended pleading, such "discretion, circumscribed by the Rule 15's directive in favor of amendment, must be 'exercised within the context of

---

[1] D.I. 28.

2

liberal pleading rules.'" *Mullin*, 875 F.3d at 150 (quoting *Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992)). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Id.* (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

A court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *See Mullin*, 875 F.3d at 149.

As explained below, no bases exist for denying Epps an opportunity to amend his complaint.

### A. Undue Delay, Bad Faith and Dilatory Tactics, and Repeated Failures to Cure Deficiencies Are Inapplicable Here

A court may deny a motion to amend a complaint if the plaintiff unduly delayed seeking such leave, has engaged in bad faith and dilatory tactics, or has repeatedly failed to cure deficiencies through previous amendments. None of these grounds exist here.

A delay in seeking to amend a complaint is undue when it is "protracted and unjustified." *Mullin*, 875 F.3d at 151. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

3

Epps seeks leave to file an amended complaint within the fourteen-day period set by this Court in its order granting Fox's motion to dismiss.[2] Indeed, Epps has proceeded diligently throughout this litigation. He filed his Complaint on July 10, 2023, and after stipulating to a three-week extension for Fox to file its motion to dismiss, Epps proceeded to file his opposition in the timeframe required under the rules, without extension. Briefing concluded when Fox filed its reply on September 12, 2023.[3] There can be no reasonable allegation of undue delay.

Nor does this motion implicate a concern about bad faith or dilatory tactics, which appear more manifest when a party seeks to amend a complaint well into the proceedings—for example, after the close of discovery or on the cusp of trial. *See, e.g.*, *Johnson v. Trueblood*, 629 F.2d 287, 294 (3d Cir. 1980) (affirming trial court's denial of motion to amend complaint on the forty-third day of trial); *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 200 (4th Cir. 2022) (affirming a denial of a motion to amend after plaintiff waited years to seek leave to amend and "change[d] substantive facts from one filing to the next" to avoid dismissal"); *Agbaje v. Hargrave Mil. Acad.*, 328 F. Supp. 3d 539, 545 (W.D. Va.

---

[2] The Court's Order provided that Epps could seek an extension of this period (D.I. 28), but he has not done so.

[3] In its briefing, Fox did not refer to the allegations regarding Ms. Grossberg, let alone contend that Epps had failed to allege facts regarding Ms. Grossberg's authority or responsibility within Mr. Carlson's show. The Court raised that issue itself at the November 26 hearing.

2018) (motion to file second amended complaint denied when filed "immediately before the end of discovery").

Finally, the proposed amendment would be Epps's first. He has not failed to cure deficiencies through other amendments.

### B. Epps's Amendment Would Not Cause Undue Prejudice to Fox

A non-moving party's opposition to an amended complaint "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence [that] it would have offered had the … amendments been timely.'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.3d 419, 425 (3d Cir. 1981)). The Court must consider "whether allowing an amendment would result in additional discovery, cost, preparation to defend against new facts or new theories." *Cureton*, 252 F.3d. at 273.

In determining what constitutes "prejudice," the Court considers whether the assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or would significantly delay the resolution of the dispute. *Adams v. Gould*, 739 F.2d 858, 869 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985). Thus, prejudice normally arises when a plaintiff seeks leave to amend in mature cases. A motion to amend a complaint may be properly denied as unduly prejudicial to the defendants when it

is made on the eve of trial or after the close of discovery. *See, e.g.*, *Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993) (citing cases).

Fox faces no undue prejudice if Epps amends his Complaint. The parties have not yet undertaken discovery and, importantly, Epps asserts the same two causes of action provided in the original Complaint. *See Dole*, 921 F.2d at 488 (finding no prejudice in part because the "proposed amended complaint is based upon facts and circumstances which do not differ significantly from those underlying the Secretary's original allegations").

The only claim Fox could make of prejudice is in having to prepare and file a new motion to dismiss. However, courts have made clear that having to prepare new motions—even summary judgment motions following discovery—do not constitute prejudice sufficient to warrant denying a motion to amend. *See, e.g.*, *Adams*, 739 F.2d at 869 (reversing a district court's denial of a motion to amend even though defendants had prevailed on their summary judgment motion under one theory of the case); *Oregon Nat. Desert Ass'n v. McDaniel*, 751 F. Supp. 2d 1151, 1157 (D. Or. 2011) (granting motion to amend complaint even though it would require defendant to "prepare a new answer to ONDA's complaint, new summary judgment briefing, [and] new briefing to strike extra-record materials"); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 101 (S.D.N.Y. 2010) ("the

6

fact that an amendment will require a party to invest additional resources in litigation is not sufficient grounds for its denial").

Thus, Fox faces no undue prejudice in granting Epps leave to amend his Complaint.

### C. The Amendment Would Not Be Futile

The final ground for denying a motion to amend is futility. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Securities Lit.,* 114 F.3d 1410, 1434 (3d Cir. 1997) In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

At the November 26, 2024 hearing on Fox's motion to dismiss, Fox argued that Epps failed to plead facts that would indicate that Mr. Carlson was operating within the scope of his contract with Fox when he appeared on a podcast on March 11, 2023.[4] In its ruling, the Court concluded that without such allegations, Mr.

---

[4] Fox said: "And there are no allegations that could allow respondeat superior liability for Fox News for something that Mr. Carlson said on a different platform." Tr. at 7:12-14. And later added: "And in order to try to show respondeat superior liability of Fox, the plaintiffs would have to allege here something showing that this was the kind of thing he was ordinarily employed for, that it was done in the usual hours and in the physical space where he was usually employed and it was done with a motive to serve the purposes of Fox. There are no factual allegations to suggest any of that…If he's writing a book, appearing on other podcasts, doing other things, that's Mr. Carlson on his own." Tr. at 17:2-12.

Carlson's statements on the podcast could not form the basis for Fox's liability. In addition, Fox contended that Epps did not state facts showing that Fox relied on false or undisclosed facts as the basis for its statements[5] and did not plead special damages regarding the false light claim.[6]

The proposed amended complaint addresses these concerns. With regards to Mr. Carlson's appearance on the *Redacted* podcast, Epps provides new allegations regarding Mr. Carlson's contractual obligations—through the express words of Fox's own general counsel, who stated: "[p]ursuant to the terms of the Agreement, Mr. Carlson's 'services shall be completely exclusive to Fox'" and that Mr. Carlson is "prohibited from rendering services of any type whatsoever, whether 'over the internet via streaming or similar distribution, or other digital distribution whether now known or hereafter devised.'"[7] In addition, during the *Redacted* podcast, which is video streamed, images directly from Fox and Mr. Carlson's show were aired.[8]

---

[5] "And Mr. Epps' counsel pointed to a couple things that he thinks are false statements, but that's not alleged in the complaint, certainly not clearly. And there's nothing in the complaint that sort of this statement, I think he pointed to Mr. Carlson saying that Mr. Epps said in his January 6th testimony he wasn't, wasn't working for law enforcement, but actually something in the transcript saying he didn't work for a government agency. That's not alleged in the complaint." Tr. at 51:3-11.

[6] "There's no allegation of special damages in this complaint that comes within the limitations period." Tr. at 18:12-13.

[7] *See* Proposed Am. Compl. ¶ 24.

[8] *See* Proposed Am. Compl. ¶ 64.

The proposed amended complaint also adds allegations regarding the falsity of facts relied on by Fox as a basis for the alleged opinions expressed by Mr. Carlson and his guests. Indeed, the proposed amended complaint specifically names the false and undisclosed facts that undercut Fox's opinion defense.[9]

Finally, Epps has added specific allegations about special damages incurred since July 10, 2022.[10]

Fox cannot now contend that these points are immaterial or insignificant since they advanced them as bases for dismissal.

But most critically, the Court's ruling made clear that its basis for granting the motion to dismiss rested on its view that Epps did not allege sufficient facts to demonstrate that Ms. Grossberg's statements constituted direct evidence of Fox's knowledge of the falsity of its statements about Epps and that Epps did not allege sufficient facts to provide sufficient circumstantial evidence that Fox acted with actual malice. Epps's proposed amended complaint provides significant additional facts—including allegations premised on multiple Fox employees' accounts of the internal disbelief at Fox of Mr. Carlson's statements about Epps.[11] Further, the proposed amended complaint also addresses Ms. Grossberg's critical role in Mr. Carlson's show, noting that her job description stated that she would play a

---

[9] *See* Proposed Am. Compl. ¶¶ 76-84.
[10] *See* Proposed Am. Compl. ¶¶ 22, 141, 149, 161, 175, Prayer for Relief (b).
[11] *See* Proposed Am. Compl. ¶¶ 85-119.

9

"prominent role" in shaping the content of Mr. Carlson's broadcasts. As discussed now in the proposed amended complaint, Ms. Grossberg participated in meetings for those responsible for the content of Mr. Carlson's broadcasts. By virtue of her role, Ms. Grossberg, herself, was among those responsible for the defamatory content of the Epps storyline, and Ms. Grossberg has admitted knowledge of falsity. That is sufficient itself to support allegations of actual malice brought home to those within Fox responsible for the defamation.[12]

Further, Ms. Grossberg's statements reveal that she observed the actions of all persons within Fox responsible for the defamatory statements and directly observed their acts of fabrication, their knowledge of falsity, and reckless disregard for the truth. Ms. Grossberg described meetings with Justin Wells, who was the Senior Executive Producer of Mr. Carlson's show, in which Mr. Wells explained that he was coordinating with Fox's executives and Mr. Carlson to manufacture stories about January 6 following Mr. Carlson being granted access to 44,000 hours of video footage.

Beyond Ms. Grossberg, the proposed amended complaint discusses a lawsuit filed by Jason Donner, a former Fox employee, that documents internal discussions

---

[12] *See, e.g.*, *New York Times v. Sullivan*, 376 U.S. 254, 287 (1964) ("[T]he state of mind required for actual malice [must] be brought home to the persons in the … organization having responsibility for the publication"); *see also US Dominion Inc. v. Fox News Network LLC*, 293 A.3d 1002, 1048-50 (Del. 2023).

regarding Mr. Carlson's coverage of January 6 and the theory that federal agents were responsible for inciting the insurrection. According to Mr. Donner, the D.C. Bureau Chief said that Mr. Carlson was "out of control," but there was nothing they could do to stop him from making his false statements because he was too powerful.

In addition, Fox personality Geraldo Rivera also claimed that once he began speaking out about Mr. Carlson's false assertions about January 6th, Mr. Rivera began receiving calls from people within Fox expressing their shock and outrage about Mr. Carlson's statements and thanking Mr. Rivera for speaking out because they felt they were unable to, suggesting that other employees could be found through discovery who could further corroborate the already unusually strong evidence of actual malice provided by Ms. Grossberg, Mr. Donner, and Mr. Rivera's accounts.

In sum, the proposed amended complaint bolster's Epps's allegations regarding actual malice well beyond the standard required at this stage with actual direct evidence of knowledge about the statements' falsity. With these allegations, Epps's proposed amended complaint provides far more substance and details demonstrating actual malice than plaintiffs are typically capable of pleading at this stage—including in matters that have advanced beyond motions to dismiss. *See, e.g.*, *Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 685

(1989) (purposeful avoidance of truth satisfied the actual malice standard); *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1091-93 (3d. Cir. 1988) (reversing a grant of summary judgment and holding that a jury could find actual malice from the fact that independent sources contradicted the article's defamatory statements, that a jury might not credit the explanations offered by the defendant for not disclosing certain facts, and that the decision itself to omit the facts is evidence of actual malice); *Nunes v. Lizza*, 12 F.4th 890, 901 (8th Cir. 2021) (reversing the grant of a motion to dismiss on actual malice grounds when the only alleged basis consisted of the defendant tweeting the story after plaintiff filed the lawsuit and alleged it was false and stating, "Republication of a statement after the defendant has been notified that the plaintiff contends that it is false and defamatory may be treated as evidence of reckless disregard" (quoting Restatement (Second) of Torts § 580A cmt. d (Am. L. Inst. 1977).)); *Boone v. Newsweek*, No. CV 22-1601, 2023 WL 2245104, at *6 (E.D. Pa. Feb. 27, 2023) (noting that to survive a motion to dismiss a plaintiff "must only plead facts that, taken as true, raise a reasonable inference that defendant acted with actual malice and denying a motion to dismiss where the only allegation of actual malice rested on a badge number and nametag being visible in the picture included in a story so that defendants would have recklessly disregarded that fact and because it constituted evidence of internal inconsistences with the story); *Mzamam v. Winfrey*, 693 F.

Supp. 2d 442, 509-10 (E.D. Pa. 2010) (denying defendant's motion for summary judgment because plaintiff provided evidence suggesting defendant purposefully avoided the truth); *US Dominion, Inc. v. Fox News Network, LLC*, No. CV N21C-03-257 EMD, 2021 WL 5984265, at *28 (Del. Super. Ct. Dec. 16, 2021) ("At this stage, the Court finds that the Complaint alleges facts that Fox made the challenged statements with knowledge of their falsity or with reckless disregard of their truth.").

Fox's arguments and the Court's decision granting the motion to dismiss were all premised on pleading insufficiencies, not facially invalid causes of action or legal deficiencies. Thus, the proposed amended complaint is not futile.

## III.    CONCLUSION

The Court should grant Epps leave to file an amended complaint. Rule 15 and the corresponding caselaw require a liberal approach to such requests. No basis exists for denying the motion and Epps should be provided an opportunity for this matter to be decided on the merits.

## STATEMENT PURSANT TO RULE 7.1.1

The undersigned hereby certify that a reasonable effort has been made to reach resolution of this matter prior to the filing of the instant motion. The parties have telephonically met and conferred, and Fox opposes the motion.

Dated: December 10, 2024

Of Counsel:

Michael J. Teter
TETER LEGAL
P.O. Box 522365
Salt Lake City, UT 84152
Telephone: (202) 796-6619
michael@teterlegal.com

Dick J. Baldwin
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
dbaldwin@parrbrown.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Rodney Alan Smolla (Bar No. 6327)
164 Chelsea Street
South Royalton, VT 05068
Telephone: (864) 373-3882
rodsmolla@gmail.com

*Attorneys for Plaintiff James Ray Epps, Sr.*

14