# EXHIBIT 1

```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE



EPPS,                     )
                          )
         Plaintiff,       )   C.A. No. 23-761-JLH
                          )
v.                        )
                          )
FOX NEWS NETWORK, LLC,    )
                          )
         Defendant.       )



               Wednesday, November 27, 2024
               10:00 a.m.
               Teleconference

               844 King Street
               Wilmington, Delaware



BEFORE:  THE HONORABLE JENNIFER L. HALL
    United States District Court Judge



APPEARANCES:


       FARNAN, LLP
       BY:  BRIAN FARNAN, ESQ.

       -and-

       TETER LEGAL, LLC
       BY:  MICHAEL J. TETER, ESQ.

       -and-

       PARR, BROWN, GEE & LOVELESS
       BY:  DICK J. BALDWIN, ESQ.

                       Counsel for the Plaintiff
```

1    APPEARANCES CONTINUED:

2

3        DLA PIPER, LLP
         BY:  JOHN L. REED, ESQ.

4                    -and-

5        TORRIDON LAW, PLLC
         BY:  PATRICK F. PHILBIN, ESQ.

6
                        Counsel for the Defendant

7

8                ----------------------------

9

10

10:01:42  11        THE COURT:  Good morning, everyone.  This is

10:01:44  12    Jennifer Hall.  We are here for a continuation of the

10:01:48  13    hearing in Epps v. Fox News Network.  It's civil action

10:01:54  14    number 23-761.  Do we have somebody on the line for

10:01:56  15    plaintiff?

10:01:57  16        MR. FARNAN:  Yes, Your Honor.

10:02:02  17        THE COURT:  Why don't you just go ahead and put

10:02:04  18    your appearance on the record.

10:02:07  19        MR. FARNAN:  Sorry, Your Honor.  You have Brian

10:02:08  20    Farnan and you have Michael Teter from Teter Legal and Dick

10:02:11  21    Baldwin from Parr, Brown, Gee & Loveless.

10:02:15  22        THE COURT:  Great.  Good morning.  And let's

10:02:17  23    have appearances for defendants.

10:02:19  24        MR. REED:  Yes.  Good morning, Your Honor.  You

10:02:21  25    have John Reed from DLA Piper and also on the line is

10:02:24 1    Patrick Philbin from the Torridon Law Firm in Washington,

10:02:29 2    D.C.

10:02:29 3          THE COURT:  Great.  Good morning.

10:02:30 4          The Court is prepared to rule on the pending

10:02:32 5    motion to dismiss.  That's at docket number 11.  For the

10:02:36 6    reasons I'm about to state, the motion will be granted.

10:02:39 7          This is a defamation case relating to the events

10:02:42 8    at the U.S. Capitol on January 6th, 2020.  It is undisputed

10:02:48 9    that plaintiff Ray Epps was at the Capitol on January 6th.

10:02:51 10   It is also undisputed that plaintiff's actions on January

10:02:55 11   6th were covered by a number of news media outlets,

10:03:00 12   including defendant Fox News, and non-parties such as the

10:03:04 13   New York Times, 60 Minutes and others.

10:03:07 14         Tucker Carlson hosted a television show called

10:03:11 15   Tucker Carlson Tonight on defendant's network.  Mr. Carlson

10:03:15 16   discussed plaintiff and his involvement in the events on

10:03:18 17   January 6th on a number of episodes of Tucker Carlson

10:03:23 18   Tonight.

10:03:24 19         On July 10th, 2023, plaintiff filed a complaint

10:03:30 20   against defendant in Delaware Superior Court.  Defendant

10:03:37 21   removed the Complaint to this court.

10:03:39 22         Defendant has moved to dismiss the Complaint

10:03:41 23   under Federal Rule of Civil Procedure 12(b)(6) for failure

10:03:45 24   to state a claim.  I've set forth the legal standing

10:03:47 25   governing motions to dismiss for failure to state a claim in

10:03:51  1    a memorandum order in *Nixon v. Rudder*.  That's civil action

10:03:55  2    number 23-627 at page 1 note 1 on November 1st, 2024, and I

10:04:01  3    incorporate that articulation here by reference.

10:04:04  4         I assume familiarity with the allegations in the

10:04:07  5    Complaint, which is set forth at D.I. 1.  The Complaint sets

10:04:12  6    forth two causes of action.  Count 1 alleges defamation and

10:04:16  7    Count 2 alleges false light.  Defendant says that the claims

10:04:21  8    are covered by either New York or Utah law.  Plaintiff

10:04:26  9    argued in his brief and reiterated at oral argument

10:04:30 10    yesterday that both claims are governed by Utah law.

10:04:36 11    Accordingly, for purposes of ruling on defendant's motion to

10:04:40 12    dismiss, I will accept plaintiff's contention that Utah law

10:04:44 13    applies and I will examine the Complaint to see whether it

10:04:48 14    plausibly states a claim under Utah law.

10:04:51 15         The Complaint alleges a number of purportedly

10:04:56 16    false and defamatory statements.  Defendants contend that a

10:04:59 17    number of those statements fall outside the limitations

10:05:03 18    period for defamation and false light claims.  I agree.

10:05:06 19         Utah has a one-year statute of limitations for

10:05:10 20    defamation claims and false light claims based on the same

10:05:13 21    operative facts as defamation claims.

10:05:16 22         Under Utah law, an alleged defamation is

10:05:19 23    reasonably discoverable as a matter of law at the time it is

10:05:24 24    first published and disseminated in a medium which is widely

10:05:28 25    available to the public.  That's the *Russell* case at 898 P.

10:05:34  1    2d 263 at pages 264 to 65 from Utah in 1995.

10:05:40  2            The Complaint in this case is filed on July

10:05:45  3    10th, 2023, so claims based on alleged statements made prior

10:05:50  4    to July 10th, 2022 are time barred.

10:05:55  5            Plaintiff contends that certain statements

10:05:57  6    originally made prior to July 10th, 2022 are not time barred

10:06:01  7    under this so-called republication doctrine.  But plaintiff

10:06:06  8    has failed to plausibly plead any facts that would support

10:06:10  9    application of the republication doctrine.  Plaintiff cites

10:06:14 10    the Third Circuit's opinion in *In re Philadelphia Newspapers*

10:06:18 11    at 690 F.3d 161 at page 174 from the Third Circuit in 2012,

10:06:25 12    which applied Pennsylvania law and held that linking to

10:06:29 13    previously published material was not a republication.

10:06:31 14    Plaintiff does not here allege any facts to plausibly

10:06:35 15    suggest that any of the challenged statements were

10:06:38 16    republished, that they were edited and reissued or that they

10:06:41 17    were placed in any new form as is generally required under

10:06:47 18    the republication doctrine.  Plaintiff has not cited any

10:06:49 19    case applying Utah law that would support application of the

10:06:52 20    republication doctrine to the facts alleged in the

10:06:58 21    Complaint, and the *Diamond Ranch* case cited by defendant

10:06:59 22    applying Utah law supports its argument that plaintiff

10:07:04 23    hasn't identified a republication that would support

10:07:06 24    application of the doctrine here.  And *Diamond Ranch* is at

10:07:10 25    2016 WL 633351 at pages 10 to 11 from the District of Utah

10:07:16  1    in 2016.

10:07:18  2                I also reject plaintiff's argument that his

10:07:22  3    false light claim is subject to either a four-year or a

10:07:26  4    two-year limitations period.  In *Jensen*, the Supreme Court

10:07:29  5    of Utah confirmed that false light invasion of privacy

10:07:33  6    claims that are based on the same operative facts that could

10:07:36  7    support a defamation action are also subject to a one-year

10:07:39  8    limit.  That's 130 at 336.  The holding in that case was

10:07:46  9    recently applied by a federal court in Liender v. L3Harris

10:07:50 10    Techs.  That's at 2024 WL 1347352 at page 9, from the

10:07:59 11    District of Utah in 2024.

10:08:01 12                The Complaint in this case alleges a false light

10:08:05 13    claim that is based on the same operative facts as

10:08:08 14    plaintiff's defamation claim.  For example, under the

10:08:11 15    heading "Count 2 - False Light," the Complaint alleges that,

10:08:15 16    "Fox's published statements about Epps involve a significant

10:08:20 17    misrepresentation," that, "Fox falsely asserted that Epps

10:08:25 18    was a federal agent," that, "Fox had knowledge of the

10:08:30 19    falsity of its assertions about Epps," that, "as a result of

10:08:36 20    the false statements," Epps is damaged and that "Fox

10:08:41 21    published its false light statement with actual malice."

10:08:44 22    And that's in paragraphs 116, 118, 120, 121 and 123 of the

10:08:52 23    Complaint.

10:08:52 24                Accordingly, statements made prior to July 10th,

10:08:55 25    2022 cannot be the basis for a defamation or false light

10:08:59  1   claim.

10:09:00  2        Of the remaining statements referenced in the

10:09:03  3   Complaint, two paragraphs of the Complaint refer to

10:09:04  4   statements made by Mr. Carlson on a podcast called *Redacted*.

10:09:09  5   That's in paragraph 55 and 57.  Defendant argues and

10:09:14  6   plaintiff does not seriously dispute that the *Redacted*

10:09:17  7   podcast was not published by defendant and the complaint

10:09:19  8   contains no allegations of fact that would plausibly support

10:09:23  9   the contention that Mr. Carlson was acting within the scope

10:09:27 10   of his employment while appearing on that podcast.

10:09:29 11   Accordingly, the statements made on that podcast cannot be

10:09:33 12   the basis for a defamation or false light claim against

10:09:36 13   defendant.

10:09:36 14        Just to be clear for the record, the Court is

10:09:39 15   not saying that evidence of statements that are

10:09:42 16   non-actionable because they are time barred or not

10:09:45 17   attributable to the named defendant cannot be relevant

10:09:48 18   evidence to a defamation or false light claim.  I am not

10:09:51 19   saying that.  But those statements cannot be the alleged

10:09:56 20   defamatory statements.

10:09:56 21        The remaining statements referenced in the

10:09:59 22   Complaint are the following:

10:10:00 23        1. July 13th, 2022 statements on Tucker Carlson

10:10:08 24   Tonight, referenced paragraph 49 of the Complaint.  The

10:10:11 25   transcript of that show is not in the record before the

10:10:13  1    Court, and paragraph 49 does not say what the exact

10:10:17  2    statements were.

10:10:19  3           2. July 14th, 2022 statements on Tucker Carlson

10:10:25  4    Tonight, referenced in paragraph 50 of the Complaint.  The

10:10:28  5    transcript of that show is set forth in Exhibit Q of D.I.

10:10:34  6    13.

10:10:34  7           3. January 4th, 2023 statements on Tucker

10:10:41  8    Carlson Tonight --

10:10:42  9           I need someone to moot.  I need everyone to moot

10:10:52 10    their phone.

10:10:56 11           3. January 4th, 2023 statements on Tucker

10:10:59 12    Carlson Tonight, referenced in paragraph 51 of the

10:11:02 13    Complaint.  The transcript of that show is not in the record

10:11:05 14    before the Court.

10:11:07 15           4. January 6th, 2023 statements on Tucker

10:11:10 16    Carlson Tonight, referenced in paragraph 52 of the

10:11:14 17    Complaint.  The relevant portions of the transcript are

10:11:19 18    reproduced in paragraph 52.

10:11:20 19           5. March 6th, 2023 statements on Tucker Carlson

10:11:25 20    Tonight, referenced in paragraph 53 of the Complaint.  The

10:11:28 21    transcript of that show is set forth in Exhibit V of D.I.

10:11:35 22    13.

10:11:35 23           6. March 7th, 2023 statements on Tucker Carlson

10:11:39 24    Tonight, referenced in paragraph 54 of the Complaint.  The

10:11:42 25    transcript of that show is set forth in Exhibit A of D.I.

10:11:47  1    13.

10:11:48  2            Both sides agree that the Court is permitted to

10:11:50  3    consider the show transcripts set forth in the exhibits when

10:11:54  4    assessing defendant's motion to dismiss.

10:11:57  5            Plaintiff asserts that the gist of all of the

10:12:00  6    challenged statements is that plaintiff was a federal agent

10:12:02  7    that incited the crowd on January 6th and/or was working

10:12:06  8    with a federal agency.

10:12:08  9            Defendant argues that the Complaint fails to

10:12:10 10    state a claim because (1) the statements made in the

10:12:14 11    broadcasts I just listed are protected opinions based on

10:12:17 12    disclosed facts, and (2) the Complaint fails to allege

10:12:21 13    actual malice, which defendant contends is required.

10:12:25 14    Because I agree with defendant's second argument, I don't

10:12:29 15    need to address the first.

10:12:31 16            Defendant contends that Utah law and federal

10:12:34 17    constitutional law required plaintiff to allege actual

10:12:37 18    malice.  Plaintiff did not argue otherwise in his answering

10:12:42 19    brief, and plaintiff conceded at oral argument yesterday

10:12:46 20    that, as a matter of Utah law, plaintiff is required to

10:12:49 21    plausibly allege actual malice for both claims.

10:12:54 22    Accordingly, the Court will look to see if plaintiff

10:12:57 23    adequately pleaded actual malice.  The parties agree that

10:13:01 24    actual malice requires that the publisher either knew that

10:13:05 25    its statement was false or published it with subjective

10:13:09  1    reckless disregard for the truth.

10:13:11  2             Paragraph 99 of the Complaint states, that

10:13:14  3    defendant, "broadcasted the false and defamatory statements

10:13:19  4    of and concerning plaintiff with actual malice-with

10:13:22  5    knowledge of falsity or reckless disregard for truth or

10:13:27  6    falsity."  But a conclusory allegation that is just the

10:13:32  7    definition of actual malice, without more, is not enough to

10:13:35  8    move forward.  Indeed, every circuit, including the Third

10:13:38  9    Circuit, has concluded post-*Twombly* that a defamation suit

10:13:42 10    may be dismissed for failure to state a claim where the

10:13:45 11    plaintiff has not pleaded facts sufficient to give rise to

10:13:49 12    the plausible inference of actual malice.  For example, in

10:13:53 13    the Third Circuit, *McCafferty v. Newsweek Media Group*.

10:13:58 14    That's at 955 F.3d 352 from 2020.  And *Pace v. Baker-White*,

10:14:05 15    850 F. App'x 827 at 831 to 832 from the Third Circuit in

10:14:11 16    2021.  Also the *Michel v. NYP Holdings* case from the 11th

10:14:19 17    Circuit, 816 F.3d 686 at 702 lists cases from other circuits

10:14:25 18    as well.

10:14:27 19             Defendant contends that the Complaint should be

10:14:28 20    dismissed because it fails to plead facts plausibly

10:14:32 21    suggesting that defendant acted with actual malice in making

10:14:35 22    the challenged statements.  At oral argument plaintiff

10:14:37 23    agreed that the analysis the Court needs to undertake is to

10:14:41 24    look to see whether the Complaint plausibly alleges that

10:14:45 25    defendant acted with knowledge or subjective awareness of

10:14:49 1    probable falsity of the "gist" of what plaintiff says was

10:14:52 2    conveyed.

10:14:53 3              At oral argument yesterday plaintiff offered an

10:14:56 4    argument that was not in his brief, which was this: that

10:15:00 5    paragraphs 64 and 65 allege direct evidence of actual malice

10:15:04 6    because those paragraphs might be read to suggest that one

10:15:07 7    former employee of defendant had subjective doubt about

10:15:12 8    whether FBI informants were influencing the crowd.  But the

10:15:16 9    Complaint does not allege any facts plausibly suggesting

10:15:19 10   that the employee named was responsible for publishing the

10:15:20 11   challenged statements about plaintiff.

10:15:24 12             Because defendant has not admitted and does not

10:15:26 13   admit that it seriously doubted the truth of the statements

10:15:29 14   in the broadcast or knew that those broadcasts likely

10:15:32 15   contained false statements, plaintiff points to

10:15:36 16   circumstantial evidence.  The challenge for plaintiff is

10:15:38 17   that the factual allegations he points to are insufficient

10:15:41 18   to plausibly plead actual malice.

10:15:44 19             First, plaintiff points to its allegation that

10:15:46 20   defendant relied on Darren Beattie, who plaintiff contends

10:15:50 21   is an unreliable source.  I agree with defendant's argument

10:15:54 22   made in its brief and reiterated at oral argument yesterday

10:15:58 23   that plaintiff is missing the mark in arguing that Mr.

10:16:01 24   Beattie was an unreliable source.  Even if the Court credits

10:16:04 25   the Complaint's allegation that Mr. Beattie is an unreliable

10:16:08  1    source, the Complaint does not allege any facts suggesting

10:16:11  2    that defendant relied on Mr. Beattie as a source of

10:16:14  3    defendant's challenged statements in the six broadcasts in

10:16:19  4    the limitations period.  The only allegations regarding Mr.

10:16:21  5    Beattie relate to the paragraph 50 allegations detailing his

10:16:24  6    appearance as a guest on the July 14th, 2022 broadcast.  And

10:16:29  7    the statements of Mr. Beattie himself on that broadcast,

10:16:33  8    read in the context of the entire broadcast, are purely his

10:16:38  9    own commentary and opinions based on disclosed facts.

10:16:41  10           Plaintiff points to its allegation that

10:16:43  11   defendant had an economic motive to make the challenged

10:16:46  12   statements.  But, according to the Third Circuit, a "desire

10:16:49  13   to increase profits'... does not make out actual malice

10:16:52  14   either."  The Third Circuit said that in *McCafferty v.*

10:16:55  15   *Newsweek* at page 360, which was a case affirming the

10:17:00  16   district court's dismissal on the basis that the plaintiff

10:17:03  17   failed to plead circumstantial evidence amounting to actual

10:17:06  18   malice.

10:17:07  19           Plaintiff alleges that defendant had an agenda -

10:17:10  20   political or otherwise - with respect to the story, but

10:17:14  21   courts hold that as a matter of law, motivation alone cannot

10:17:18  22   provide a sufficient basis for actual malice.  I'll cite to

10:17:25  23   the *Arpaio v. Zucker* case at 414 F. Supp. 3d 84 at pages 91

10:17:29  24   to 92 from the District of the District of Columbia in 2019,

10:17:37  25   which said, "The motivations behind defendants'

10:17:40 1   communications-inspired by political differences or

10:17:43 2   otherwise-do not impact whether defendants acted with actual

10:17:47 3   malice as a matter of law."

10:17:49 4          Similarly, even assuming that the Complaint

10:17:52 5   adequately alleges that defendant engaged in subpar

10:17:56 6   journalism and a failure to investigate, that also cannot

10:18:00 7   establish actual malice unless the circumstances suggest a

10:18:04 8   deliberate effort to avoid the truth with respect to the

10:18:07 9   gist of the statements challenged here.  And I point to the

10:18:12 10  *McCafferty* case at page 359.

10:18:14 11         Plaintiff alleges that defendant has never

10:18:16 12  retracted the statements in the challenged broadcast, but

10:18:19 13  courts have held that a failure to retract is insufficient

10:18:22 14  to establish actual malice.  The *Biro v. Conde Nast* case at

10:18:31 15  963 F. Supp. 2d 255 at 281 to 82 collect cases.  That's from

10:18:38 16  the Southern District of New York in 2013.

10:18:40 17         And plaintiff's allegations that he denied in

10:18:44 18  testimony and interviews that he was not working with the

10:18:47 19  FBI is insufficient to support a plausible assertion of

10:18:52 20  actual malice, especially where, as here, defendant also

10:18:55 21  broadcast the fact of plaintiff's denial that he was working

10:18:59 22  with law enforcement in his sworn testimony.  As the 11th

10:19:03 23  Circuit explained in *Michel v. NYP Holdings*, that's 816 F.3d

10:19:10 24  686 at page 703 in 2016, Courts view the publication of

10:19:15 25  evidence contrary to the factual assertions in a published

10:19:20  1    story as demonstrating an "absence of malice.  The reasoning

10:19:23  2    behind the rule is simple.  Where a publisher gives readers

10:19:27  3    sufficient information to weigh for themselves the

10:19:30  4    likelihood of an article's veracity, it reduces the risk

10:19:32  5    that readers will reach unfair (or simply incorrect)

10:19:35  6    conclusions, even if the publisher itself has."

10:19:39  7            That leaves plaintiff's allegation that

10:19:41  8    defendant's statements described such an inherently

10:19:44  9    improbable story that the story itself evidences actual

10:19:48 10    malice.  The Court is not prepared to say that defendant's

10:19:51 11    statements are so inherently improbable so as to themselves

10:19:56 12    be evidence of actual malice, especially since the Complaint

10:20:00 13    itself alleges that high-ranking government officials had

10:20:04 14    questions about plaintiff's role in the January 6th events

10:20:07 15    at the Capitol and whether plaintiff was working with the

10:20:09 16    FBI or another government agency.  And I point to paragraphs

10:20:13 17    40 and 56 of the Complaint.  I also point to the *McFarlane*

10:20:22 18    *v. Sheridan Square Press* case.  That's 91 F.3d 1501 at page

10:20:28 19    1513, which rejected an argument about the inherent

10:20:30 20    improbability of challenged statements supporting actual

10:20:34 21    malice where "the Senate Foreign Relations Committee was

10:20:38 22    taking the allegations seriously enough to hold hearings on

10:20:41 23    the matter, and the House of Representatives had

10:20:43 24    commissioned had a task force specifically to investigate

         25    the story."

10:20:46 1          Plaintiff argues that even if none of the

10:20:49 2   allegations of circumstantial evidence may plausibly support

10:20:53 3   actual malice on their own, the totality of them is enough

10:20:56 4   to make actual malice plausible.  The Court is not persuaded

10:20:59 5   that the Complaint has alleged enough to move forward.  The

10:21:02 6   Complaint does not allege that, for instance, the defendant

10:21:07 7   made up any of the disclosed facts on which the challenged

10:21:08 8   statements were based, that defendant knew for certain that

10:21:12 9   plaintiff was not a government informant, or even that it

10:21:14 10  was possible for defendant to know for certain at the time

10:21:16 11  the statements were made, or that defendant published any

10:21:19 12  facts that were contrary to information it otherwise knew

10:21:22 13  for a fact to be true.

10:21:24 14          For the reasons above, the Court conclude that

10:21:27 15  the Complaint does not state a defamation claim or a false

10:21:30 16  light claim because it does not plausibly allege actual

10:21:33 17  malice.  Accordingly, defendant's motion to dismiss is

10:21:36 18  granted and the Complaint is dismissed.

10:21:39 19          And to date, plaintiff has not requested leave

10:21:42 20  to amend.  I'm not sure if such a request will be

10:21:47 21  forthcoming, but any request should be filed within 14 days

10:21:50 22  of today's date absent another agreement of the parties.

10:21:53 23          Hopefully everybody is still on the line.  I'm

10:21:55 24  not sure if this is the type of case where if plaintiff does

10:21:59 25  desire to amend, whether it would be appropriate for the

10:22:02  1    parties to discuss some form of alternative dispute

10:22:06  2    resolution.

10:22:08  3              Does defendant have any comments on that?

10:22:15  4              MR. PHILBIN:  Your Honor, before having the

10:22:17  5    chance to consult my -- the fact that my client is not

10:22:22  6    interested in alternative resolution at this point, we'd

10:22:27  7    rather see what the plaintiff, if they file something to ask

10:22:29  8    me to amend, what that looks like, and whether we would

10:22:51  9    oppose that then, but I expect we will.

10:22:51 10              THE COURT:  Any comments from plaintiff?

10:22:56 11              MR. TETER:  This is Michael Teter for Ray Epps.

10:22:59 12    No questions or comments at this time.

10:23:01 13              THE COURT:  All right.  Thanks very much,

10:23:03 14    everyone.  Have a great Thanksgiving.  Bye bye.

10:23:07 15              (Court adjourned at 10:23 a.m.)

16

17              ---------------------------------

18

19

20         I hereby certify the foregoing is a true and
           accurate transcript from my stenographic notes in the
           proceedings.

21

22                        /s/ Stacy M. Ingram, RPR
                          Official Court Reporter
23                          U.S. District Court

24

25

**/**

**/s** [1] - 16:22

**1**

**1** [6] - 4:2, 4:5, 4:6, 7:23, 9:10
**10** [1] - 5:25
**10:00** [1] - 1:10
**10:23** [1] - 16:15
**10th** [5] - 3:19, 5:3, 5:4, 5:6, 6:24
**11** [2] - 3:5, 5:25
**116** [1] - 6:22
**118** [1] - 6:22
**11th** [2] - 10:16, 13:22
**12(b)(6** [1] - 3:23
**120** [1] - 6:22
**121** [1] - 6:22
**123** [1] - 6:22
**13** [3] - 8:6, 8:22, 9:1
**130** [1] - 6:8
**1347352** [1] - 6:10
**13th** [1] - 7:23
**14** [1] - 15:21
**14th** [2] - 8:3, 12:6
**1501** [1] - 14:18
**1513** [1] - 14:19
**161** [1] - 5:11
**174** [1] - 5:11
**1995** [1] - 5:1
**1st** [1] - 4:2

**2**

**2** [4] - 4:7, 6:15, 8:3, 9:12
**2012** [1] - 5:11
**2013** [1] - 13:16
**2016** [3] - 5:25, 6:1, 13:24
**2019** [1] - 12:24
**2020** [2] - 3:8, 10:14
**2021** [1] - 10:16
**2022** [6] - 5:4, 5:6, 6:25, 7:23, 8:3, 12:6
**2023** [7] - 3:19, 5:3, 8:7, 8:11, 8:15, 8:19, 8:23
**2024** [4] - 1:9, 4:2, 6:10, 6:11
**23-627** [1] - 4:2
**23-761** [1] - 2:14
**23-761-JLH** [1] - 1:4
**255** [1] - 13:15

**263** [1] - 5:1
**264** [1] - 5:1
**27** [1] - 1:9
**281** [1] - 13:15
**2d** [2] - 5:1, 13:15

**3**

**3** [2] - 8:7, 8:11
**336** [1] - 6:8
**352** [1] - 10:14
**359** [1] - 13:10
**360** [1] - 12:15
**3d** [1] - 12:23

**4**

**4** [1] - 8:15
**40** [1] - 14:17
**414** [1] - 12:23
**49** [2] - 7:24, 8:1
**4th** [1] - 8:7, 8:11

**5**

**5** [1] - 8:19
**50** [2] - 8:4, 12:5
**51** [1] - 8:12
**52** [2] - 8:16, 8:18
**53** [1] - 8:20
**54** [1] - 8:24
**55** [1] - 7:5
**56** [1] - 14:17
**57** [1] - 7:5

**6**

**6** [1] - 8:23
**60** [1] - 3:13
**633351** [1] - 5:25
**64** [1] - 11:5
**65** [2] - 5:1, 11:5
**686** [2] - 10:17, 13:24
**690** [1] - 5:11
**6th** [8] - 3:8, 3:9, 3:11, 3:17, 8:15, 8:19, 9:7, 14:14

**7**

**702** [1] - 10:17
**703** [1] - 13:24
**7th** [1] - 8:23

**8**

**816** [2] - 10:17, 13:23
**82** [1] - 13:15
**827** [1] - 10:15
**831** [1] - 10:15
**832** [1] - 10:15
**84** [1] - 12:23
**844** [1] - 1:11
**850** [1] - 10:15
**898** [1] - 4:25

**9**

**9** [1] - 6:10
**91** [2] - 12:23, 14:18
**92** [1] - 12:24
**955** [1] - 10:14
**963** [1] - 13:15
**99** [1] - 10:2

**A**

**a.m** [2] - 1:10, 16:15
**absence** [1] - 14:1
**absent** [1] - 15:22
**accept** [1] - 4:12
**according** [1] - 12:12
**accordingly** [5] - 4:11, 6:24, 7:11, 9:22, 15:17
**accurate** [1] - 16:20
**acted** [3] - 10:21, 10:25, 13:2
**acting** [1] - 7:9
**action** [4] - 2:13, 4:1, 4:6, 6:7
**actionable** [1] - 7:16
**actions** [1] - 3:10
**actual** [25] - 6:21, 9:13, 9:17, 9:21, 9:23, 9:24, 10:4, 10:7, 10:12, 10:21, 11:5, 11:18, 12:13, 12:17, 12:22, 13:2, 13:7, 13:14, 13:20, 14:9, 14:12, 14:20, 15:3, 15:4, 15:16
**address** [1] - 9:15
**adequately** [2] - 9:23, 13:5
**adjourned** [1] - 16:15
**admit** [1] - 11:13
**admitted** [1] - 11:12
**affirming** [1] - 12:15
**agency** [2] - 9:8,

14:16
**agenda** [1] - 12:19
**agent** [2] - 6:18, 9:6
**agree** [5] - 4:18, 9:2, 9:14, 9:23, 11:21
**agreed** [1] - 10:23
**agreement** [1] - 15:22
**ahead** [1] - 2:17
**allegation** [5] - 10:6, 11:19, 11:25, 12:10, 14:7
**allegations** [8] - 4:4, 7:8, 11:17, 12:4, 12:5, 13:17, 14:22, 15:2
**allege** [9] - 5:14, 9:12, 9:17, 9:21, 11:5, 11:9, 12:1, 15:6, 15:16
**alleged** [5] - 4:22, 5:3, 5:20, 7:19, 15:5
**alleges** [10] - 4:6, 4:7, 4:15, 6:12, 6:15, 10:24, 12:19, 13:5, 13:11, 14:13
**alone** [1] - 12:21
**alternative** [2] - 16:1, 16:6
**amend** [3] - 15:20, 15:25, 16:8
**amounting** [1] - 12:17
**analysis** [1] - 10:23
**answering** [1] - 9:18
**App'x** [1] - 10:15
**appearance** [2] - 2:18, 12:6
**APPEARANCES** [2] - 1:17, 2:1
**appearances** [1] - 2:23
**appearing** [1] - 7:10
**application** [3] - 5:9, 5:19, 5:24
**applied** [2] - 5:12, 6:9
**applies** [1] - 4:13
**applying** [2] - 5:19, 5:22
**appropriate** [1] - 15:25
**argue** [1] - 9:18
**argued** [1] - 4:9
**argues** [3] - 7:5, 9:9, 15:1
**arguing** [1] - 11:23
**argument** [4] - 4:9, 5:22, 6:2, 9:14, 9:19, 10:22, 11:3, 11:4, 11:21, 11:22,

14:19
**Arpaio** [1] - 12:23
**article's** [1] - 14:4
**articulation** [1] - 4:3
**asserted** [1] - 6:17
**assertion** [1] - 13:19
**assertions** [2] - 6:19, 13:25
**asserts** [1] - 9:5
**assessing** [1] - 9:4
**assume** [1] - 4:4
**assuming** [1] - 13:4
**attributable** [1] - 7:17
**available** [1] - 4:25
**avoid** [1] - 13:8
**awareness** [1] - 10:25

**B**

**Baker** [1] - 10:14
**Baker-White** [1] - 10:14
**BALDWIN** [1] - 1:24
**Baldwin** [1] - 2:21
**barred** [3] - 5:4, 5:6, 7:16
**based** [7] - 4:20, 5:3, 6:6, 6:13, 9:11, 12:9, 15:8
**basis** [4] - 6:25, 7:12, 12:16, 12:22
**Beattie** [6] - 11:20, 11:24, 11:25, 12:2, 12:5, 12:7
**BEFORE** [1] - 1:14
**behind** [2] - 12:25, 14:2
**Biro** [1] - 13:14
**BRIAN** [1] - 1:19
**Brian** [1] - 2:19
**brief** [4] - 4:9, 9:19, 11:4, 11:22
**broadcast** [6] - 11:14, 12:6, 12:7, 12:8, 13:12, 13:21
**broadcasted** [1] - 10:3
**broadcasts** [3] - 9:11, 11:14, 12:3
**BROWN** [1] - 1:23
**Brown** [1] - 2:21
**BY** [5] - 1:19, 1:21, 1:24, 2:3, 2:5
**bye** [2] - 16:14

## C

**C.A** [1] - 1:4
**cannot** [6] - 6:25, 7:11, 7:17, 7:19, 12:21, 13:6
**Capitol** [3] - 3:8, 3:9, 14:15
**Carlson** [13] - 3:14, 3:15, 3:17, 7:4, 7:9, 7:23, 8:3, 8:8, 8:12, 8:16, 8:19, 8:23
**case** [14] - 3:7, 4:25, 5:2, 5:19, 5:21, 6:8, 6:12, 10:16, 12:15, 12:23, 13:10, 13:14, 14:18, 15:24
**cases** [2] - 10:17, 13:15
**causes** [1] - 4:6
**certain** [3] - 5:5, 15:8, 15:10
**certify** [1] - 16:19
**challenge** [1] - 11:16
**challenged** [10] - 5:15, 9:6, 10:22, 11:11, 12:3, 12:11, 13:9, 13:12, 14:20, 15:7
**chance** [1] - 16:5
**circuit** [1] - 10:8
**Circuit** [8] - 5:11, 10:9, 10:13, 10:15, 10:17, 12:12, 12:14, 13:23
**Circuit's** [1] - 5:10
**circuits** [1] - 10:17
**circumstances** [1] - 13:7
**circumstantial** [3] - 11:16, 12:17, 15:2
**cite** [1] - 12:22
**cited** [2] - 5:18, 5:21
**cites** [1] - 5:9
**Civil** [1] - 3:23
**civil** [2] - 2:13, 4:1
**claim** [13] - 3:24, 3:25, 4:14, 6:3, 6:13, 6:14, 7:1, 7:12, 7:18, 9:10, 10:10, 15:15, 15:16
**claims** [9] - 4:7, 4:10, 4:18, 4:20, 4:21, 5:3, 6:6, 9:21
**clear** [1] - 7:14
**client** [1] - 16:5
**collect** [1] - 13:15
**Columbia** [1] - 12:24

**commentary** [1] - 12:9
**comments** [3] - 16:3, 16:10, 16:12
**commissioned** [1] - 14:24
**Committee** [1] - 14:21
**communications** [1] - 13:1
**communications-inspired** [1] - 13:1
**complaint** [2] - 3:19, 7:7
**Complaint** [34] - 3:21, 3:22, 4:5, 4:13, 4:15, 5:2, 5:21, 6:12, 6:15, 6:23, 7:3, 7:22, 7:24, 8:4, 8:13, 8:17, 8:20, 8:24, 9:9, 9:12, 10:2, 10:19, 10:24, 11:9, 12:1, 13:4, 14:12, 14:17, 15:5, 15:6, 15:15, 15:18
**Complaint's** [1] - 11:25
**conceded** [1] - 9:19
**concerning** [1] - 10:4
**conclude** [1] - 15:14
**concluded** [1] - 10:9
**conclusions** [1] - 14:6
**conclusory** [1] - 10:6
**Conde** [1] - 13:14
**confirmed** [1] - 6:5
**consider** [1] - 9:3
**constitutional** [1] - 9:17
**consult** [1] - 16:5
**contained** [1] - 11:15
**contains** [1] - 7:8
**contend** [1] - 4:16
**contends** [5] - 5:5, 9:13, 9:16, 10:19, 11:20
**contention** [2] - 4:12, 7:9
**context** [1] - 12:8
**continuation** [1] - 2:12
**CONTINUED** [1] - 2:1
**contrary** [2] - 13:25, 15:12
**conveyed** [1] - 11:2
**Counsel** [1] - 1:25, 2:6
**count** [1] - 4:6
**Count** [2] - 4:7, 6:15
**court** [2] - 3:21, 6:9

**COURT** [7] - 1:1, 2:11, 2:17, 2:22, 3:3, 16:10, 16:13
**Court** [17] - 1:15, 3:4, 3:20, 6:4, 7:14, 8:1, 8:14, 9:2, 9:22, 10:23, 11:24, 14:10, 15:4, 15:14, 16:15, 16:22, 16:23
**court's** [1] - 12:16
**Courts** [1] - 13:24
**courts** [2] - 12:21, 13:13
**covered** [3] - 3:11, 4:8
**credits** [1] - 11:24
**crowd** [2] - 9:7, 11:8

## D

**D.C** [1] - 3:2
**D.I** [4] - 4:5, 8:5, 8:21, 8:25
**damaged** [1] - 6:20
**Darren** [1] - 11:20
**date** [2] - 15:19, 15:22
**days** [1] - 15:21
**defamation** [13] - 3:7, 4:6, 4:18, 4:20, 4:21, 4:22, 6:7, 6:14, 6:25, 7:12, 7:18, 10:9, 15:15
**defamatory** [3] - 4:16, 7:20, 10:3
**Defendant** [2] - 1:7, 2:6
**defendant** [31] - 3:12, 3:20, 3:22, 4:7, 5:21, 7:5, 7:7, 7:13, 7:17, 9:9, 9:13, 9:16, 10:3, 10:19, 10:21, 10:25, 11:7, 11:12, 11:20, 12:2, 12:11, 12:19, 13:5, 13:11, 13:20, 15:6, 15:8, 15:10, 15:11, 16:3
**defendant's** [9] - 3:15, 4:11, 9:4, 9:14, 11:21, 12:3, 14:8, 14:10, 15:17
**defendants** [3] - 2:23, 4:16, 13:2
**defendants'** [1] - 12:25
**definition** [1] - 10:7
**DELAWARE** [1] - 1:1
**Delaware** [2] - 1:12, 3:20

**deliberate** [1] - 13:8
**demonstrating** [1] - 14:1
**denial** [1] - 13:21
**denied** [1] - 13:17
**described** [1] - 14:8
**desire** [2] - 12:12, 15:25
**detailing** [1] - 12:5
**Diamond** [2] - 5:21, 5:24
**DICK** [1] - 1:24
**Dick** [2] - 2:20
**differences** [1] - 13:1
**direct** [1] - 11:5
**disclosed** [3] - 9:12, 12:9, 15:7
**discoverable** [1] - 4:23
**discuss** [1] - 16:1
**discussed** [1] - 3:16
**dismiss** [6] - 3:5, 3:22, 3:25, 4:12, 9:4, 15:17
**dismissal** [1] - 12:16
**dismissed** [3] - 10:10, 10:20, 15:18
**dispute** [2] - 7:6, 16:1
**disregard** [2] - 10:1, 10:5
**disseminated** [1] - 4:24
**DISTRICT** [2] - 1:1, 1:1
**district** [1] - 12:16
**District** [7] - 1:15, 5:25, 6:11, 12:24, 13:16, 16:23
**DLA** [2] - 2:2, 2:25
**docket** [1] - 3:5
**doctrine** [5] - 5:7, 5:9, 5:18, 5:20, 5:24
**doubt** [1] - 11:7
**doubted** [1] - 11:13

## E

**economic** [1] - 12:11
**edited** [1] - 5:16
**effort** [1] - 13:8
**either** [4] - 4:8, 6:3, 9:24, 12:14
**employee** [2] - 11:7, 11:10
**employment** [1] - 7:10
**enforcement** [1] - 13:22
**engaged** [1] - 13:5

**deliberate**...
**entire** [1] - 12:8
**episodes** [1] - 3:17
**EPPS** [1] - 1:3
**Epps** [7] - 2:13, 3:9, 6:16, 6:17, 6:19, 6:20, 16:11
**especially** [2] - 13:20, 14:12
**ESQ** [5] - 1:19, 1:21, 1:24, 2:3, 2:5
**establish** [2] - 13:7, 13:14
**events** [3] - 3:7, 3:16, 14:14
**evidence** [8] - 7:15, 7:18, 11:5, 11:16, 12:17, 13:25, 14:12, 15:2
**evidences** [1] - 14:9
**exact** [1] - 8:1
**examine** [1] - 4:13
**example** [2] - 6:14, 10:12
**Exhibit** [3] - 8:5, 8:21, 8:25
**exhibits** [1] - 9:3
**expect** [1] - 16:9
**explained** [1] - 13:23

## F

**F.3d** [5] - 5:11, 10:14, 10:17, 13:23, 14:18
**fact** [4] - 7:8, 13:21, 15:13, 16:5
**facts** [14] - 4:21, 5:8, 5:14, 5:20, 6:6, 6:13, 9:12, 10:11, 10:20, 11:9, 12:1, 12:9, 15:7, 15:12
**factual** [2] - 11:17, 13:25
**failed** [2] - 5:8, 12:17
**fails** [5] - 9:9, 9:12, 10:20
**failure** [5] - 3:23, 3:25, 10:10, 13:6, 13:13
**fall** [1] - 4:17
**False** [1] - 6:15
**false** [16] - 4:7, 4:16, 4:18, 4:20, 6:3, 6:5, 6:12, 6:20, 6:21, 6:25, 7:12, 7:18, 9:25, 10:3, 11:15, 15:15
**falsely** [1] - 6:17
**falsity** [4] - 6:19, 10:5, 10:6, 11:1

familiarity [1] - 4:4
FARNAN [4] - 1:18, 1:19, 2:16, 2:19
Farnan [1] - 2:20
FBI [3] - 11:8, 13:19, 14:16
Federal [1] - 3:23
federal [5] - 6:9, 6:18, 9:6, 9:8, 9:16
file [1] - 16:7
filed [3] - 3:19, 5:2, 15:21
Firm [1] - 3:1
first [3] - 4:24, 9:15, 11:19
following [1] - 7:22
FOR [1] - 1:1
force [1] - 14:24
foregoing [1] - 16:19
Foreign [1] - 14:21
form [2] - 5:17, 16:1
former [1] - 11:7
forth [7] - 3:24, 4:5, 4:6, 8:5, 8:21, 8:25, 9:3
forthcoming [1] - 15:21
forward [2] - 10:8, 15:5
four [1] - 6:3
four-year [1] - 6:3
Fox [5] - 2:13, 3:12, 6:17, 6:18, 6:20
FOX [1] - 1:6
Fox's [1] - 6:16

G

GEE [1] - 1:23
Gee [1] - 2:21
generally [1] - 5:17
gist [3] - 9:5, 11:1, 13:9
governed [1] - 4:10
governing [1] - 3:25
government [3] - 14:13, 14:16, 15:9
granted [2] - 3:6, 15:18
great [3] - 2:22, 3:3, 16:14
Group [1] - 10:13
guest [1] - 12:6

H

Hall [1] - 2:12

HALL [1] - 1:14
heading [1] - 6:15
hearing [1] - 2:13
hearings [1] - 14:22
held [2] - 5:12, 13:13
hereby [1] - 16:19
high [1] - 14:13
high-ranking [1] - 14:13
himself [1] - 12:7
hold [2] - 12:21, 14:22
holding [1] - 6:8
Holdings [2] - 10:16, 13:23
Honor [4] - 2:16, 2:19, 2:24, 16:4
HONORABLE [1] - 1:14
hopefully [1] - 15:23
hosted [1] - 3:14
House [1] - 14:23

I

identified [1] - 5:23
impact [1] - 13:2
improbability [1] - 14:20
improbable [2] - 14:9, 14:11
IN [1] - 1:1
incited [1] - 9:7
including [2] - 3:12, 10:8
incorporate [1] - 4:3
incorrect [1] - 14:5
increase [1] - 12:13
indeed [1] - 10:8
inference [1] - 10:12
influencing [1] - 11:8
informant [1] - 15:9
informants [1] - 11:8
information [2] - 14:3, 15:12
Ingram [1] - 16:22
inherent [1] - 14:19
inherently [2] - 14:8, 14:11
inspired [1] - 13:1
instance [1] - 15:6
insufficient [3] - 11:17, 13:13, 13:19
interested [1] - 16:6
interviews [1] - 13:18
invasion [1] - 6:5
investigate [2] - 13:6, 14:24

involve [1] - 6:16
involvement [1] - 3:16
itself [3] - 14:6, 14:9, 14:13

J

January [9] - 3:8, 3:9, 3:10, 3:17, 8:7, 8:11, 8:15, 9:7, 14:14
JENNIFER [1] - 1:14
Jennifer [1] - 2:12
Jensen [1] - 6:4
JOHN [1] - 2:3
John [1] - 2:25
journalism [1] - 13:6
Judge [1] - 1:15
July [8] - 3:19, 5:2, 5:4, 5:6, 6:24, 7:23, 8:3, 12:6

K

King [1] - 1:11
knowledge [3] - 6:18, 10:5, 10:25

L

L3Harris [1] - 6:9
LAW [1] - 2:5
Law [1] - 3:1
law [15] - 4:8, 4:10, 4:12, 4:14, 4:22, 4:23, 5:12, 5:19, 5:22, 9:16, 9:17, 9:20, 12:21, 13:3, 13:22
leave [1] - 15:19
leaves [1] - 14:7
legal [1] - 3:24
Legal [1] - 2:20
LEGAL [1] - 1:21
Liender [1] - 6:9
light [11] - 4:7, 4:18, 4:20, 6:3, 6:5, 6:12, 6:21, 6:25, 7:12, 7:18, 15:16
Light [1] - 6:15
likelihood [1] - 14:4
likely [1] - 11:14
limit [1] - 6:8
limitations [4] - 4:17, 4:19, 6:4, 12:4
line [3] - 2:14, 2:25,

15:23
linking [1] - 5:12
listed [1] - 9:11
lists [1] - 10:17
LLC [2] - 1:6, 1:21
LLP [1] - 1:18, 2:2
look [2] - 9:22, 10:24
looks [1] - 16:8
LOVELESS [1] - 1:23
Loveless [1] - 2:21

M

malice [26] - 6:21, 9:13, 9:18, 9:21, 9:23, 9:24, 10:4, 10:7, 10:12, 10:21, 11:5, 11:18, 12:13, 12:18, 12:22, 13:3, 13:7, 13:14, 13:20, 14:1, 14:10, 14:12, 14:21, 15:3, 15:4, 15:17
malice-with [1] - 10:4
march [2] - 8:19, 8:23
mark [1] - 11:23
material [1] - 5:13
matter [5] - 4:23, 9:20, 12:21, 13:3, 14:23
McCafferty [3] - 10:13, 12:14, 13:10
McFarlane [1] - 14:17
media [1] - 3:11
Media [1] - 10:13
medium [1] - 4:24
memorandum [1] - 4:1
Michael [2] - 2:20, 16:11
MICHAEL [1] - 1:21
Michel [2] - 10:16, 13:23
might [1] - 11:6
Minutes [1] - 3:13
misrepresentation [1] - 6:17
missing [1] - 11:23
moot [2] - 8:9
morning [4] - 2:11, 2:22, 2:24, 3:3
motion [5] - 3:5, 3:6, 4:11, 9:4, 15:17
motions [1] - 3:25
motivation [1] - 12:21
motivations [1] - 12:25
motive [1] - 12:11
move [2] - 10:8, 15:5

moved [1] - 3:22
MR [5] - 2:16, 2:19, 2:24, 16:4, 16:11

N

named [2] - 7:17, 11:10
Nast [1] - 13:14
need [3] - 8:9, 9:15
needs [1] - 10:23
network [1] - 3:15
Network [1] - 2:13
NETWORK [1] - 1:6
never [1] - 13:11
New [3] - 3:13, 4:8, 13:16
new [1] - 5:17
News [2] - 2:13, 3:12
NEWS [1] - 1:6
news [1] - 3:11
Newspapers [1] - 5:10
Newsweek [1] - 10:13
newsweek [1] - 12:15
Nixon [1] - 4:1
non [2] - 3:12, 7:16
non-actionable [1] - 7:16
non-parties [1] - 3:12
none [1] - 15:1
note [1] - 4:2
notes [1] - 16:20
November [2] - 1:9, 4:2
number [7] - 2:14, 3:5, 3:11, 3:17, 4:2, 4:15, 4:17
NYP [2] - 10:16, 13:23

O

OF [1] - 1:1
offered [1] - 11:3
Official [1] - 16:22
officials [1] - 14:13
one [3] - 4:19, 6:7, 11:6
one-year [2] - 4:19, 6:7
operative [3] - 4:21, 6:6, 6:13
opinion [1] - 5:10
opinions [2] - 9:11, 12:9
oppose [1] - 16:9
oral [5] - 4:9, 9:19,

10:22, 11:3, 11:22
**order** [1] - 4:1
**originally** [1] - 5:6
**otherwise** [4] - 9:18, 12:20, 13:2, 15:12
**otherwise-do** [1] - 13:2
**outlets** [1] - 3:11
**outside** [1] - 4:17
**own** [2] - 12:9, 15:3

## P

**Pace** [1] - 10:14
**page** [7] - 4:2, 5:11, 6:10, 12:15, 13:10, 13:24, 14:18
**pages** [3] - 5:1, 5:25, 12:23
**paragraph** [11] - 7:5, 7:24, 8:1, 8:4, 8:12, 8:16, 8:18, 8:20, 8:24, 10:2, 12:5
**paragraphs** [5] - 6:22, 7:3, 11:5, 11:6, 14:16
**Parr** [1] - 2:21
**PARR** [1] - 1:23
**parties** [4] - 3:12, 9:23, 15:22, 16:1
**Patrick** [1] - 3:1
**PATRICK** [1] - 2:5
**pending** [1] - 3:4
**Pennsylvania** [1] - 5:12
**period** [3] - 4:18, 6:4, 12:4
**permitted** [1] - 9:2
**persuaded** [1] - 15:4
**Philadelphia** [1] - 5:10
**PHILBIN** [2] - 2:5, 16:4
**Philbin** [1] - 3:1
**phone** [1] - 8:10
**PIPER** [1] - 2:2
**Piper** [1] - 2:25
**placed** [1] - 5:17
**plaintiff** [40] - 2:15, 3:9, 3:16, 3:19, 4:8, 5:5, 5:7, 5:9, 5:14, 5:22, 7:6, 9:5, 9:6, 9:17, 9:18, 9:19, 9:20, 9:22, 10:4, 10:11, 10:22, 11:1, 11:3, 11:11, 11:15, 11:16, 11:19, 11:20, 11:23, 12:10, 12:16,

12:19, 13:11, 14:15, 15:1, 15:9, 15:19, 15:24, 16:7, 16:10
**Plaintiff** [3] - 1:4, 1:25, 5:18
**plaintiff's** [8] - 3:10, 4:12, 6:2, 6:14, 13:17, 13:21, 14:7, 14:14
**plausible** [3] - 10:12, 13:19, 15:4
**plausibly** [11] - 4:14, 5:8, 5:14, 7:8, 9:21, 10:20, 10:24, 11:9, 11:18, 15:2, 15:16
**plead** [4] - 5:8, 10:20, 11:18, 12:17
**pleaded** [2] - 9:23, 10:11
**PLLC** [1] - 2:5
**podcast** [4] - 7:4, 7:7, 7:10, 7:11
**point** [4] - 13:9, 14:16, 14:17, 16:6
**points** [4] - 11:15, 11:17, 11:19, 12:10
**political** [2] - 12:20, 13:1
**portions** [1] - 8:17
**possible** [1] - 15:10
**post** [1] - 10:9
**post-Twombly** [1] - 10:9
**prepared** [2] - 3:4, 14:10
**Press** [1] - 14:18
**previously** [1] - 5:13
**privacy** [1] - 6:5
**probable** [1] - 11:1
**Procedure** [1] - 3:23
**proceedings** [1] - 16:20
**profits'..** [1] - 12:13
**protected** [1] - 9:11
**provide** [1] - 12:22
**public** [1] - 4:25
**publication** [1] - 13:24
**published** [8] - 4:24, 5:13, 6:16, 6:21, 7:7, 9:25, 13:25, 15:11
**publisher** [3] - 9:24, 14:2, 14:6
**publishing** [1] - 11:10
**purely** [1] - 12:8
**purportedly** [1] - 4:15
**purposes** [1] - 4:11

**put** [1] - 2:17

## Q

**questions** [2] - 14:14, 16:12

## R

**Ranch** [2] - 5:21, 5:24
**ranking** [1] - 14:13
**rather** [1] - 16:7
**Ray** [2] - 3:9, 16:11
**re** [1] - 5:10
**reach** [1] - 14:5
**read** [2] - 11:6, 12:8
**readers** [2] - 14:2, 14:5
**reasonably** [1] - 4:23
**reasoning** [1] - 14:1
**reasons** [2] - 3:6, 15:14
**recently** [1] - 6:9
**reckless** [2] - 10:1, 10:5
**record** [4] - 2:18, 7:14, 7:25, 8:13
**Redacted** [2] - 7:4, 7:6
**reduces** [1] - 14:4
**Reed** [1] - 2:25
**REED** [2] - 2:3, 2:24
**refer** [1] - 7:3
**reference** [1] - 4:3
**referenced** [8] - 7:2, 7:21, 7:24, 8:4, 8:12, 8:16, 8:20, 8:24
**regarding** [1] - 12:4
**reissued** [1] - 5:16
**reiterated** [2] - 4:9, 11:22
**reject** [1] - 6:2
**rejected** [1] - 14:19
**relate** [1] - 12:5
**relating** [1] - 3:7
**Relations** [1] - 14:21
**relevant** [2] - 7:17, 8:17
**relied** [2] - 11:20, 12:2
**remaining** [2] - 7:2, 7:21
**removed** [1] - 3:21
**Reporter** [1] - 16:22
**Representatives** [1] - 14:23
**reproduced** [1] - 8:18

**republication** [6] - 5:7, 5:9, 5:13, 5:18, 5:20, 5:23
**republished** [1] - 5:16
**request** [2] - 15:20, 15:21
**requested** [1] - 15:19
**required** [4] - 5:17, 9:13, 9:17, 9:20
**requires** [1] - 9:24
**resolution** [2] - 16:2, 16:6
**respect** [2] - 12:20, 13:8
**responsible** [1] - 11:10
**result** [1] - 6:19
**retract** [1] - 13:13
**retracted** [1] - 13:12
**rise** [1] - 10:11
**risk** [1] - 14:4
**role** [1] - 14:14
**RPR** [1] - 16:22
**Rudder** [1] - 4:1
**rule** [2] - 3:4, 14:2
**Rule** [1] - 3:23
**ruling** [1] - 4:11
**Russell** [1] - 4:25

## S

**scope** [1] - 7:9
**second** [1] - 9:14
**see** [4] - 4:13, 9:22, 10:24, 16:7
**Senate** [1] - 14:21
**seriously** [3] - 7:6, 11:13, 14:22
**set** [6] - 3:24, 4:5, 8:5, 8:21, 8:25, 9:3
**sets** [1] - 4:5
**Sheridan** [1] - 14:18
**show** [7] - 3:14, 7:25, 8:5, 8:13, 8:21, 8:25, 9:3
**sides** [1] - 9:2
**significant** [1] - 6:16
**similarly** [1] - 13:4
**simple** [1] - 14:2
**simply** [1] - 14:5
**six** [1] - 12:3
**so-called** [1] - 5:7
**someone** [1] - 8:9
**Sorry** [1] - 2:19
**source** [4] - 11:21, 11:24, 12:1, 12:2
**Southern** [1] - 13:16

**specifically** [1] - 14:24
**Square** [1] - 14:18
**Stacy** [1] - 16:22
**standing** [1] - 3:24
**state** [6] - 3:6, 3:24, 3:25, 9:10, 10:10, 10:15
**statement** [2] - 6:21, 9:25
**statements** [40] - 4:16, 4:17, 5:3, 5:5, 5:15, 6:16, 6:20, 6:24, 7:2, 7:4, 7:11, 7:15, 7:19, 7:20, 7:21, 7:23, 8:2, 8:3, 8:7, 8:11, 8:15, 8:19, 8:23, 9:6, 9:10, 10:3, 10:22, 11:11, 11:13, 11:15, 12:3, 12:7, 12:12, 13:9, 13:12, 14:8, 14:11, 14:20, 15:8, 15:11
**STATES** [1] - 1:1
**states** [2] - 4:14, 10:2
**States** [1] - 1:15
**statute** [1] - 4:19
**stenographic** [1] - 16:20
**still** [1] - 15:23
**story** [5] - 12:20, 14:1, 14:9, 14:25
**Street** [1] - 1:11
**subject** [2] - 6:3, 6:7
**subjective** [3] - 9:25, 10:25, 11:7
**subpar** [1] - 13:5
**sufficient** [3] - 10:11, 12:22, 14:3
**suggest** [3] - 5:15, 11:6, 13:7
**suggesting** [3] - 10:21, 11:9, 12:1
**suit** [1] - 10:9
**Superior** [1] - 3:20
**Supp** [2] - 12:23, 13:15
**support** [7] - 5:8, 5:19, 5:23, 6:7, 7:8, 13:19, 15:2
**supporting** [1] - 14:20
**supports** [1] - 5:22
**Supreme** [1] - 6:4
**sworn** [1] - 13:22

## T

**task** [1] - 14:24
**Techs** [1] - 6:10
**Teleconference** [1] - 1:10
**television** [1] - 3:14
**testimony** [2] - 13:18, 13:22
**TETER** [3] - 1:21, 1:21, 16:11
**Teter** [3] - 2:20, 16:11
**Thanksgiving** [1] - 16:14
**THE** [9] - 1:1, 1:1, 1:14, 2:11, 2:17, 2:22, 3:3, 16:10, 16:13
**themselves** [2] - 14:3, 14:11
**Third** [7] - 5:10, 5:11, 10:8, 10:13, 10:15, 12:12, 12:14
**today's** [1] - 15:22
**Tonight** [9] - 3:15, 3:18, 7:24, 8:4, 8:8, 8:12, 8:16, 8:20, 8:24
**Torridon** [1] - 3:1
**TORRIDON** [1] - 2:5
**totality** [1] - 15:3
**transcript** [7] - 7:25, 8:5, 8:13, 8:17, 8:21, 8:25, 16:20
**transcripts** [1] - 9:3
**true** [2] - 15:13, 16:19
**truth** [4] - 10:1, 10:5, 11:13, 13:8
**Tucker** [10] - 3:14, 3:15, 3:17, 7:23, 8:3, 8:7, 8:11, 8:15, 8:19, 8:23
**two** [3] - 4:6, 6:4, 7:3
**two-year** [1] - 6:4
**Twombly** [1] - 10:9
**type** [1] - 15:24

## U

**U.S** [2] - 3:8, 16:23
**under** [6] - 3:23, 4:14, 4:22, 5:7, 5:17, 6:14
**undertake** [1] - 10:23
**undisputed** [2] - 3:8, 3:10
**unfair** [1] - 14:5
**UNITED** [1] - 1:1

**United** [1] - 1:15
**unless** [1] - 13:7
**unreliable** [3] - 11:21, 11:24, 11:25
**up** [1] - 15:7
**Utah** [14] - 4:8, 4:10, 4:12, 4:14, 4:19, 4:22, 5:1, 5:19, 5:22, 5:25, 6:5, 6:11, 9:16, 9:20

## V

**veracity** [1] - 14:4
**view** [1] - 13:24

## W

**Washington** [1] - 3:1
**Wednesday** [1] - 1:9
**weigh** [1] - 14:3
**White** [1] - 10:14
**widely** [1] - 4:24
**Wilmington** [1] - 1:12
**WL** [2] - 5:25, 6:10

## Y

**year** [4] - 4:19, 6:3, 6:4, 6:7
**yesterday** [4] - 4:10, 9:19, 11:3, 11:22
**York** [3] - 3:13, 4:8, 13:16

## Z

**Zucker** [1] - 12:23