IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES RAY EPPS, SR., <br><br> Plaintiff, <br><br> v. <br><br> FOX NEWS NETWORK, LLC, <br><br> Defendant. | C.A. No. 23-cv-761-JLH |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Of Counsel:

Michael J. Teter
TETER LEGAL
P.O. Box 522365
Salt Lake City, UT 84152
(202) 796-6619
michael@teterlegal.com

Dick J. Baldwin
PARR BROWN
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 532-7840
dbaldwin@parrbrown.com

Dated: August 25, 2025

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff James Ray Epps, Sr.*

Plaintiff James Ray Epps, Sr. respectfully submits this Notice to apprise the court of the Utah Supreme Court's recent decision in *Matthews v. McCown*, 2025 UT 34 (attached as Ex. A).

*Matthews* centers on a defamation claim brought by two individuals who contend that defendants published defamatory statements about them during the grip of a public debate in Erda, Utah about whether to incorporate. The defendants made statements accusing the plaintiffs of committing fraud and forging signatures. *Id.* ¶¶ 15-26. Two defendants filed motions to dismiss and one filed a motion for judgment on the pleadings, invoking Utah's Anti-SLAPP act. *Id.* ¶¶ 2, 29. The district court granted each motion. The plaintiffs appealed, and the Utah Supreme Court reversed the district court, holding that "[a]t least some of [defendants'] statements are capable of defamatory meaning." *Id.* ¶ 5.

The *Matthews* holding provides critical insights into how Utah's highest court interprets defamation law and how to analyze a defendant's motion to dismiss in the defamation context.

Of particular relevance, given this matter's procedural posture, is the Utah Supreme Court's discussion of the proper inquiry on a motion to dismiss in a defamation matter. The Court stated: "If the court concludes that a reasonable person could find that a statement conveys a defamatory meaning, the plaintiff has done what she needs to do at the pleading stage on the capable of defamatory meaning element of her claim." *Id.* ¶ 45 *see also Id.* ¶ 94 n.16; *see also id.* ¶ 97 n.18.

In addition, the Court's reasoning for why the statements at issue in *Matthews* could be capable of defamatory meaning under Utah law is also important:

- "The plaintiff must show the statement's tendency to injure his reputation in the eyes of 'at least a substantial and respectable minority of its audience.'" *Id.* ¶ 46.

1

- "We have never held that speech related to a matter of public concern, made within the context of a public debate, can *never* be capable of defamatory meaning." *Id.* ¶ 68.

- "Even if we concluded that Higgins's and Nielsen's statements are 'unquestionably political speech,' or that they were made in the context of a public debate, that does not end the inquiry. A reasonable reader could find such statements to be capable of defamatory meaning." *Id.* ¶ 72 (internal citations omitted).

- "These statements lack rhetorical hyperbole, exaggeration, incredulous tones, cautionary language, or other signals that would lead a reasonable reader to not take the statements at face value. Rather, the statements conveyed more serious, matter-of-fact tones, suggesting that a reasonable reader could understand them as factual assertions about Appellants." *Id.* ¶ 85.

- "[Defendants] also assert that their statements are not capable of defamatory meaning because they do not directly accuse Appellants of criminal conduct. We have held that, depending on the circumstances, accusations of dishonesty can be capable of a defamatory meaning." *Id.* ¶¶ 89-90.

Finally, the Court offered the following observation regarding Defendants' assertion that Plaintiffs failed to plead facts sufficient to allege actual malice: "A court should grant dismissal under rule 12(b)(6) of the Utah Rules of Civil Procedure only 'if it is clear that a party is not entitled to relief under any [set] of facts which could be proved in support of its claim.' And although reckless disregard is 'substantially subjective,' a plaintiff can prove that state of mind if he shows "that the publisher's allegations are so inherently improbable that only a reckless [individual] would have put them in circulation" or if there is 'obvious doubt created by the facts.'" *Id.* ¶ 166 (internal citations omitted).

The Utah Supreme Court's holding in *Matthews* addresses many of the same issues that arise from Fox's motion to dismiss. The decision should guide this Court's resolution of the pending motion.

Dated: August 25, 2025

Of Counsel:

Michael J. Teter
TETER LEGAL
PO Box 522365
Salt Lake City, UT 84152
(202) 796-6619
michael@teterlegal.com

Dick J. Baldwin
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT 84111
(801) 532-7840
dbaldwin@parrbrown.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff James Ray Epps, Sr.*

3