# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES RAY EPPS, SR.**, | |
| *Plaintiff*, | |
| v. | C.A. No. 1:23-cv-00761-JLH |
| **FOX NEWS NETWORK, LLC**, | |
| *Defendant*. | |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

**OF COUNSEL:**

Patrick F. Philbin (*pro hac vice*)
Kyle T. West (*pro hac vice*)
**TORRIDON LAW PLLC**
801 Seventeenth Street NW
Suite 1100
Washington, DC 20006
Tel: (202) 249-6900
pphilbin@torridonlaw.com
kwest@torridonlaw.com

**DLA PIPER LLP (US)**
John L. Reed (I.D. No. 3023)
Peter H. Kyle (I.D. No. 5918)
1201 N. Market Street
Suite 2100
Wilmington, DE 19801
Tel. (302) 468-5700
Fax: (302) 394-2341
john.reed@us.dlapiper.com
peter.kyle@us.dlapiper.com

*Attorneys for Defendant Fox News Network, LLC*

Defendant Fox News Network, LLC ("Fox") submits this response to Plaintiff's August 25, 2025 notice of supplemental authority concerning the recent decision of the Utah Supreme Court in *Mathews v. McCown*, No. 20230662, 2025 WL 2375119 (Utah Aug. 14, 2025). The language Plaintiff cites from *Mathews* is inapposite and does not support Plaintiff's opposition to the Motion to Dismiss.

***First***, Plaintiff highlights several portions of the *Mathews* opinion that are irrelevant to any issues before the Court. For example, Plaintiff cites *Mathews* for the proposition that a statement is capable of defamatory meaning if it has a "tendency to injure [plaintiff's] reputation in the eyes of at least a substantial minority of its audience," D.I. 49 at 1 (quoting *Mathews*, 2025 WL 2375119, at *8), even if the statement does not allege "criminal conduct," *id.* at 2 (quoting *Mathews*, 2025 WL 2375119, at *15). Fox did not base its Motion to Dismiss on the ground that the challenged statements lacked any defamatory meaning. *See* D.I. 36. Instead, in addition to identifying other grounds for dismissal, Fox made the different point that Plaintiff failed to allege, as he must to state a defamation claim, either defamation *per se*—which requires alleging criminal conduct or a statement in one of the other three categories recognized as defamatory *per se*—or special damages. *Id.* at 23. In support of that point, Fox cited precedent holding that accusing someone of being a government agent or informant is generally not defamatory at all—and thus certainly cannot be defamatory *per se*. *Matthews* is irrelevant to that point about defamation *per se*. Similarly, Plaintiff highlights language rejecting the argument that "speech related to a matter of public concern . . . can never be capable of defamatory meaning." D.I. 49 at 2. Fox has made no such argument.

1

***Second***, Plaintiff quotes *Mathews* for an explanation of the pleading standards "under rule 12(b)(6) of the Utah Rules of Civil Procedure," under which courts may grant a motion to dismiss "only if it is clear that a party is not entitled to relief under any set of facts which could be proved in support if its claim." D.I. 49 at 2 (quoting *Mathews*, 2025 WL 2375119, at *8) (citation modified). The pleading standard under Utah's rules of civil procedure is irrelevant here. In federal court, federal pleading standards apply. *E.g.*, *Webber v. Armslist LLC*, 70 F.4th 945, 958 (7th Cir. 2023); *McHale v. Kelly*, 527 F. App'x 149, 151 n.1 (3d Cir. 2013).

***Third***, *Mathews*' discussion of the reckless disregard standard for actual malice is also not controlling. *See* D.I. 49. The actual malice standard is set by federal law and dictated by the First Amendment, not state court decisions. *Grove v. Dun & Bradstreet, Inc.*, 438 F.2d 433, 435 (3d Cir. 1971) (explaining that the actual malice standard "mak[es] the outcome of [defamation actions] dependent not upon state constitutions, statutes, and decisions, but upon the First Amendment to the Constitution of the United States and its interpretation by the Supreme Court"). *Mathews*' actual malice analysis is also irrelevant because it is inextricably intertwined with Utah's lenient pleading standard, under which courts grant dismissal if the plaintiff "is not entitled to relief under any [set] of facts which could be proved." *See Mathews*, 2025 WL 2375119, at *29-30. A state pleading standard does not apply in federal court. *E.g.*, *Webber*, 70 F.4th at 958; *McHale*, 527 F. App'x at 151 n.1. In any event, Plaintiff points to *Matthews* for the proposition that reckless disregard can be shown if "the publisher's allegations are so inherently improbable that only a [reckless] individual would have put them in circulation." *Id.* at *30. This Court, however, has already rejected the argument that the challenged statements in this case are so "inherently improbable" that they give rise to an inference of actual malice, and nothing in the Amended Complaint could change that analysis. D.I. 48 at 14:10-25.

| | |
|---|---|
| DATED: August 27, 2025 | **DLA PIPER LLP (US)** |
| **OF COUNSEL:** |   /s/ John L. Reed   |
| | John L. Reed (I.D. No. 3023) |
| Patrick F. Philbin (*pro hac vice*) | Peter H. Kyle (I.D. No. 5918) |
| Kyle T. West (*pro hac vice*) | 1201 N. Market Street |
| **TORRIDON LAW PLLC** | Suite 2100 |
| 801 Seventeenth Street N.W. | Wilmington, DE 19801 |
| Suite 1100 | Tel. (302) 468-5700 |
| Washington, DC 20006 | Fax: (302) 394-2341 |
| Tel: (202) 249-6900 | john.reed@us.dlapiper.com |
| pphilbin@torridonlaw.com | peter.kyle@us.dlapiper.com |
| kwest@torridonlaw.com | |

*Attorneys for Defendant Fox News Network, LLC*

3